## Thomson v. The County of Lee.

1. Judgment: OF FEDERAL CIRCUIT COURTS, NOT FOREIGN. The Circuit Courts of the United States are not to be regarded in the light of foreign tribunals by State courts; and in an action brought in a State court, upon a judgment of a federal Circuit Court holden in a different State, a party cannot set up and re-litigate defenses which were pleaded by and decided against him in the first action.

2. —— DOMESTIC JUDGMENT: ACTION UPON. *Semble*, that actions upon domestic judgments which are in full force and on which execution can issue without a new recovery, are sustainable, in the absence of any legislative enactment to the contrary.

*Appeal from the Lee District Court.*

WEDNESDAY, JUNE 5.

JUDGMENTS, FOREIGN AND DOMESTIC, CONCLUSIVENESS OF, ETC.—The District Court sustained a demurrer to the answer, from which defendant appeals. The further necessary facts will be found stated in the opinion.

*J. C.* and *J. B. Hall* for the appellant contended : First, that the federal Circuit Courts, not being embraced within the acts of Congress of 1790 and 1814, nor included in article four, section one, of the federal Constitution, were, with reference to the State courts, to be regarded as foreign and not domestic tribunals. Citing *Dorsey* v. *Maury*, 10 Smedes and Marshall (Miss). Second, that a foreign judgment is re-examinable for the purpose of ascertaining whether it be just and warranted by the law of the foreign State (in this case, our own law). 2 Kent, 109–118, *et seq. ;* Story on Conflict of Laws, §§ 599, 608, and notes ; 1 Phil. Ev., 350 *et seq.;* 1 Chitty on Plead., 106 ; 1 Greenleaf Ev., § 546 and note, and § 547.

*H. Scott Howell* for the appellee.

I. The federal courts are not regarded as foreign, but as domestic tribunals to the State courts, under and by virtue of article four, section one of the Constitution, and act 20th May, 1790. Act 27th March, 1804 ; 2 Phil. Ev. (4 Am. ed.), 187, note 305, and cases cited ; Story on Conflict of Laws (5th ed.), § 609 ; *Niblett* v. *Scott*, 4 McLean, 234 ; *Barney* v. *Patterson*, 6 Harris and John. (Md.), 182 ; *St. Albans* v. *Bush*, 4 Vermont, 58 ; *Reed* v. *Rox*, 1 Balding (3 U. S. C. C.), 36 ; 6 Am. Law Reg., 675. To hold differently would be nullification — the defunct doctrine of State rights. Against it, see 3 vol. Webster's works, 481, reply to Calhoun ; *U. S. A.* v. *Peters*, 5 Cranch, 115 ; *Bank of Commerce* v. *New York*, 2 Black, 620 ; Am. Law Reg., March No., 1867 ; Id., February No., 1867.

II. But if the United States Circuit Court of Illinois is a "foreign court" (which is denied) it having had the defendant properly before it, the judgment cannot be impeached but is conclusive. "Such is the course of all

modern English decisions." 1 Greenleaf Ev., 546; 13 Am.
Law Reg., 7–9, and cases cited; *Lazier* v. *Westcott*, 26
N. Y., 149; Story's Conflict of Laws (5th ed.), §§ 603–4
and 606–8; 2 Phil. on Ev. (4th ed.), 184–5, note 305;
Rev. of 1860, §§ 4057–9, and § 4062.

DILLON, J.—I. This action is brought upon the record
of a judgment in favor of the plaintiff, and against the
defendant, rendered by the Circuit Court of
the United States for the northern district
of Illinois.

*1. JUDGMENT: of federal circuit courts, not foreign.*

The action in which said judgment was so rendered by
the federal Circuit Court of Illinois, was originally com-
menced in the Circuit Court of the United States for the
district of Iowa; but, as both of the judges of the last
mentioned court were pecuniarily interested in the result
of the suit, it was by them ordered, that the cause be trans-
ferred to the Circuit Court of the United States in and for
the northern district of Illinois. The record of that
action is part of the record of the present cause. In the
original action the defendant was personally served;
appeared by attorney; filed an answer setting up various
defenses; these issues were tried to a jury before the said
Illinois Circuit Court, and judgment rendered (being the
same judgment upon which this suit is brought) against
the county.

The said Circuit Court of Illinois ordered that execu-
tion issue to enforce said judgment, directed to the mar-
shal of the district of Iowa.

The answer in this case pleads precisely the same
defenses that were pleaded in the suit in which said
judgment was rendered; and it pleads no defense not
pleaded in the former action.

To this answer the plaintiff demurred, on the ground
that the defendant could not again set up and litigate the

same questions made, and determined against him in the original action. The District Court sustained the demurrer; and it is from this ruling that the defendant now appeals.

Appellant's counsel make and rely upon the point that the Circuit Courts of the United States are *foreign* tribunals, and, hence, it is argued, their decisions are not binding upon our own courts. If it be conceded that the judgments of foreign courts having jurisdiction of the parties and the subject-matter are re-examinable upon the merits in our own courts, still we find, upon an examination of the Constitution and laws of the United States, and the decisions of the courts construing and applying them, that the Circuit Courts of the United States are not to be regarded as foreign tribunals by the courts of States other than that in which the federal court was holden which rendered the judgment, so that a party can relitigate in an action on such judgment, the same defenses which were pleaded by and decided against him in the first action.

The authorities cited, on appellee's brief, so fully establish the doctrine, that it is needless to prolong this opinion with an extended reference to them.

II. But it may be said in this particular case, that, inasmuch as the plaintiff, by the express order of the Circuit Court of Illinois, was entitled to an execution against the defendant in this State, it is unnecessary to the plaintiff, and oppressive to the defendant, to allow another suit to be brought against him and compel him to pay the costs thereof. It is true that the plaintiff's judgment, obtained in Illinois, gives him the same rights, as to execution, as if rendered by the federal court of Iowa. And it may be asked, why allow the plaintiff, who has a judgment upon which he can at once issue execution and enforce through-

2 —— domestic judgment: action upon.

out the State, to vex the defendant with another action based upon that, and that alone? It is, perhaps, sufficient to say in this case that no such defense was pleaded or taken in the court below, and hence is not available here.

Actions upon domestic judgments are not uncommon, and are probably sustainable, unless the legislature should interpose to prevent a party from being sued upon a judgment which is in full force, and on which execution can issue without any new recovery. *Greathouse* v. *Smith*, 3 Scam., 541.

It is suggested that the plaintiff cannot have, at the same time and for the same debt, two different judgments, both in force, with concurrent right to issue execution on both; and that, therefore, by recovering a second judgment, he therein merges his first judgment; that if he recovers in the State courts, he by this act deprives himself of the right to process from the federal court, to enforce the judgment rendered in that court, and must be content with such rights as the State courts recognize the laws as giving to him.

These propositions may be true; but no such questions are made in the record, and we pass them without further notice.

It is also said that to affirm the ruling of the court below, is indirectly to allow the federal courts to enforce judgments rendered upon bonds which this court has pronounced void—is to recognize the right of that court to exercise the high and extraordinary authority of disregarding the judgment of the highest State court, in a matter wholly arising under the State constitution and the State laws. We do not so understand the record. We decide simply the point before indicated, and wish to be understood as deciding nothing else. We cannot believe that the Supreme Court of the United States, composed of able jurists and able statesmen, will carry

their line of decision so far as to raise, with the tribunals
of the State, the grave and embarrassing questions which
would inevitably result from an attempt to override and
lay prostrate the rightful authority and jurisdiction of the
State courts with respect to matters exclusively arising
under State laws, and which in no way relate to the fede-
ral Constitution or any law of Congress. If this belief
shall prove to be unfounded, we shall hope to act in such
a manner as shall befit the highest tribunal of the State,
and the grave responsibilities and duties with which it is
charged.

With these brief remarks respecting suggestions made
in argument, we close with the observation that, in affirm-
ing the judgment below on the demurrer, we do not wish
to be understood as holding, with respect to the collection
of such judgment, that the plaintiff will acquire greater
or other rights than he would have under and by virtue
of his original judgment. All such questions we keep
open until a cause shall arise in which they are legiti-
mately presented.

Affirmed.