JOHN KING AND OTHERS, PLAINTIFFS IN ERROR, V. ELLA H. BELL, DEFENDANT IN ERROR.

1. **Pleading:** PARTNERSHIP. Where in the title of a cause the individual names of partners are given, followed by the word "partners," it is unnecessary to repeat the names in the body of the petition.

2. **Action against Saloon Keepers:** ABATEMENT. In an action against such partners as saloon keepers for injury caused by the sale of liquor by them, the action does not abate by reason of the death of one member of the firm.

3. **Practice:** MOTION TO STRIKE OUT MATTER FROM PLEADING. Where a motion is sustained to strike certain matter out of a pleading, it is the right of the adverse party to have such matter erased or an amended pleading filed; but if this is not insisted upon, it will be sufficient to treat the objectionable matter as stricken out.

4. **Instructions,** *Held,* Applicable to the issue and testimony.

5. **Evidence.** Carlisle tables of expectancy of life, *Held,* Properly admitted in evidence in an action for loss of means of support. *Roose v. Perkins,* 9 Neb., 304, adhered to.

6. **Evidence,** *Held,* Sufficient to sustain verdict. LAKE, CH. J., dissenting.

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

*A. Schoenheit* and *Frank Martin,* for plaintiffs in error.

Recovery must be a pecuniary recompense for a pecuniary loss. Damages not recoverable for wounded feelings and disgrace. *Kearney v. Fitzgerald,* 43 Iowa, 568. Nor for loss of society and companionship. *Dunleavy v. Watson,* 38 Iowa, 400. The pleadings go to the jury. Jury in this case could see by petition that plaintiff claimed damages for the "mental anguish, disgrace, loss of society, etc., etc." They could see further that defendant moved the court to strike that portion out; could see that the court refused to do so. Seeing all these things they must natu-

rally have concluded that these were proper elements of damage, and consequently considered them in making up their verdict. Therefore we claim the court erred in overruling the motion to strike out. Instructions were erroneous. *Hartford Life Insurance Co. v. Gray,* 80 Ill., 31. *Evans v. George,* 80 Ill., 53. *Robertson v. Dodge,* 28 Ill., 163. *Gansley v. Perkins,* 30 Mich., 496. On evidence, cited: *Hall v. Barnes,* 82 Ill., 229. *Wightman v. Devere,* 33 Wis., 579.

*Isham Reavis* and *E. W. Thomas,* for defendant in error, cited: Cooley on Torts, 150. *Friend v. Dunks,* 37 Mich., 25. *Emory v. Addis,* 71 Ill., 273.

MAXWELL, J.

The defendant in error brought an action in the district court of Richardson county against John King and Fred Weber, W. J. Ralston, J. Wixel, and Daniel Lydick, to recover damages for the loss of means of support caused by the death of her husband, which it is alleged was caused by intoxicating liquors sold to him by the plaintiffs in error. On the trial of the cause a verdict was rendered in favor of the defendant in error, and against W. J. Ralston, Daniel Lydick, and John King, upon which judgment was entered.

The first objection is, that at the time the action was commenced, John King, the plaintiff in error, and one Fred Weber were in partnership in the saloon business, at Falls City, and the action was brought against them in the firm name of King & Weber. And that since the action was commenced, Weber has died, therefore the action should abate. The objection is not sustained by the facts, as these parties are described in the title of the case as, "John King and Fred Weber, doing business as King & Weber." The action is against them as individuals, although they are thereafter described in the petition as King & Weber.

The code makes the title of the case a part of the petition, and it is unnecessary to repeat the names of the parties plaintiff or defendant. It is sufficient thereafter to describe them as "plaintiff" or "defendant," or in any other manner sufficient to designate them. Where, therefore, parties are designated by name as defendants in the title, the addition of the relation they occupy to each other, such as a description of them as "partners," will not restrict the action to one against the *firm* alone, such as "King and Weber, a firm formed for the purpose of doing business in this state." The plea in abatement therefore is entirely unwarranted. We do not decide, however, that even if the action had been brought against the partnership as a firm that the plaintiff would not be liable, as the general rule is that if a partner, in pursuance of the partnership business, commit a wrongful act, the members of the firm are liable.

*Second.* King and Weber moved to strike out of the petition the following words: "And these plaintiffs aver that they have suffered other and further damages by reason of the aforesaid wrongful acts of the defendant, on account of mental anguish, disgrace, loss of society and the companionship of their said husband and father, whose death was caused in part by the joint acts of all of said defendants in selling and giving him intoxicating liquors in the manner as hereinafter more particularly stated." Which motion was sustained. No new petition was filed, however, nor were the words erased, but the question was not submitted to the jury. In this there was no error. Unless the moving party required the words to be stricken out literally, which they could have insisted upon, it is sufficient that the words were treated as though stricken from the pleading.

It is also objected that the motions of the other parties to strike out these words were overruled. The petition was a joint one against all the defendants, and a general

motion filed by one to strike out any of the general allegations in the petition, when sustained, operated to the benefit of all.    At the most, therefore, the failure to sustain the motions was error without prejudice.

*Third.*    The court gave the following instructions to the jury:  "The court instructs you that when there is a conflict of testimony, it is for the jury to reconcile the same and determine what weight the testimony of any witness shall have; what credit shall be given to any witness rests with the jury; you can credit or discredit witness according as you may believe or disbelieve the same."

We fully agree with the plaintiffs in error that the jury, although the judges of the credibility of the witnesses, have no right arbitrarily and without cause to discredit the testimony of a witness.  In other words, there must be a reason for disbelieving the same.  In a case where the evidence is conflicting, and it is impossible that all the witnesses have sworn to the truth, it is the duty of the jury to harmonize the testimony as far as possible, and where that cannot be done, to determine which of the witnesses is more worthy of belief.  In such case the conflicting testimony may be said to be to some extent impeaching testimony, directly discrediting that of some of the witnesses, and it is for the jury to determine what witnesses have testified in accordance with the apparent truth of the case, and what not.  The instruction in question when applied to the testimony in this case is substantially correct, there being a direct conflict in the testimony.  The cases of *Hart. Ins. Co. v. Gray,* 80 Ill., 31, *Evans v. George,* Id., 51, are not applicable.

Objection is made to the second instruction, which is as follows:

"The jury are instructed that if you find from the evidence that the defendants, or any of them, furnished or sold to John Bell, the deceased, intoxicating liquors which contributed to cause his death, then it is immaterial at what

time such liquor was furnished, provided the same contributed to cause his death and was furnished while Bell was under the influence of liquor or in quantities sufficient to produce intoxication."

This must be construed with reference to the issue made by the pleadings and testimony in the case. It is alleged in the petition that: "When the said John W. Bell came to Falls City, in March, 1879, he became addicted to the excessive use of intoxicating liquor to such an extent that he spent nearly all of his daily earnings for liquor in the saloons of the defendants, Jacob Wixel, W. J. Ralston, and King & Weber, who were severally engaged in the business of selling malt, spirituous, and vinous liquors in Falls City, having been duly licensed therefor by the proper authorities of said city, according to law, in consequence of which the said John W. Bell was kept in a partial or complete state of intoxication during all of the time of his residence in said city and until he removed to Kansas as above stated. That during all of which time the said defendants sold liquor to said John W. Bell in quantities sufficient to produce intoxication, and plied him with liquor when in a state of intoxication, knowing him to be so, constantly and continually, whereby he became and was disqualified by intemperance from earning the support of these plaintiffs, which legally devolved upon the said John W. Bell, by means of which these plaintiffs were greatly damaged in the means of support on account of said traffic, and that sale of intoxicants to their husband and father of these plaintiffs by said defendants. That after the return of said John W. Bell to Falls City, in March, 1880, the said defendants continued to sell intoxicating liquors to said Bell in quantities sufficient to produce intoxication, and while he was in a state of intoxication, from that time continuously (the said defendants, Jacob Wixel, King & Weber, and W. J. Ralston, still being in the business of selling liquors as aforesaid at Falls City) and until the afternoon

of the thirtieth day of November, 1880, when, from the excessive and long use of intoxicating liquor furnished and sold to him by all of the defendants, Daniel Lydick as well, the said John W. Bell, at the time aforesaid, instantly fell dead."

The testimony as to loss of means of support is limited to the times stated in the petition, and therefore the instruction could not have misled the jury.

The third instruction is as follows:

"The jury are instructed that if you find from the evidence that the defendants, or any of them, sold or gave liquor to John W. Bell, the deceased, while he was under the influence of liquor, and that the liquor so sold or given contributed to cause his death, it is no defense to this action even if it should appear that John W. Bell had been, or was, of intemperate habits before he began to buy liquor of such defendant or defendants."

The effect of such instruction is this: the mere fact that Bell was of intemperate habits before he began to procure liquor of the defendants, will not prevent a recovery, provided that you find the plaintiff has sustained loss of means of support by such sale. That is, his intemperate habits would not defeat the action. The word defense, as defined by Bouvier, is "The denial of truth of the validity of the complaint, a general assertion that the plaintiff has no ground of action, which is afterwards extended and maintained in the plea." 1 Bouv. Law. Dic., 446. 3 Sharwood Black. Com., 296. Coke Litt., 127.

In this sense it is similar to the *contestatio litis* of the civil law, and does not include justification. Under the code new matter may be set up as a defense, but this admits an apparent right which the new matter seeks to avoid. Bliss on Code Pleading, sec. 340. The court did not say, and did not intend to say, that the previous drinking habits of the husband might not be considered for the purpose of affecting the amount to be recovered.

The question of the introduction of the Carlisle tables of expectancy was before this court in the case of *Roose v. Perkins*, 9 Neb., 304, and we adhere to our decision in that case. There is a clear preponderance of the evidence sustaining· the verdict, and it is evident that substantial justice has been done. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.