FIRST NATIONAL BANK OF CHICAGO, APPELLEE, V. CORA H. SLOMAN, APPELLANT, ET AL.

FILED OCTOBER 17, 1894.   No. 5214.

1. **Pleading:** PARTIES DEFENDANT. A petition wherein the defendants are described as "M. H. S. and E. H. S., partners doing business as S. Bros.," is not an action against the firm named, but will sustain a personal judgment against the individual defendants therein named.

2. **Judgments:** UNITED STATES CIRCUIT COURTS. The courts of the United States within this jurisdiction are not regarded as foreign courts, and their judgments will be treated for many purposes as domestic judgments.

3. **Creditors' Bill:** JUDGMENTS OF UNITED STATES CIRCUIT COURTS. An action in the nature of a creditors' bill can be maintained in this state upon a judgment of the circuit court of the United States for the district of Nebraska.

4. **Judgment Against Individual Partners.** Evidence examined, and *held* to sustain the decree of the district court.

APPEAL from the district court of Douglas county. Heard below before HOPEWELL, J.

The facts are stated in the opinion.

*Brome, Andrews & Sheean*, for appellant:

Appellees are not judgment creditors of Morris H. Sloman. They allege and prove only a judgment against the firm of Sloman Bros. (*Morrissey v. Schindler*, 18 Neb., 672; *Herron v. Cole Bros.*, 25 Neb., 692; *Ruth v. Lowrey*, 10 Neb., 260; *Leach v. Milburn Wagon Co.*, 14 Neb., 106.)

The judgment upon which the creditors' bill is based is not a domestic judgment. It is the judgment of a court of limited jurisdiction, and, so far as the courts of this state are concerned, a foreign judgment. (*Tarbell v. Griggs*, 3 Paige Ch. [N. Y.], 207; *Steere v. Hoagland*, 39 Ill., 264; *Winslow v. Leland*, 128 Ill., 338.)

*E. M. Bartlett* and *A. C. Wakeley*, contra:

The judgment was rendered against Morris H. Sloman and Eugene H. Sloman individually, and not against the firm of Sloman Bros.

The judgment of a United States circuit court, sitting within a particular state, is as to that state a domestic judgment, upon which a creditors' bill may be brought. (*Ballin v. Loeb*, 78 Wis., 404; *Bullitt v. Taylor*, 34 Miss., 708; *Turrel v. Warren*, 25 Minn., 9; *Adams v. Way*, 33 Conn., 419; *Wandling v. Straw*, 25 W. Va., 705; *Thompson v. County of Lee*, 22 Ia., 208; *Town of St. Albans v. Bush*, 4 Vt., 58; *Embry v. Palmer*, 107 U. S., 10; *Barney v. Patterson*, 6 Har. & J. [Md.], 182; *McCauley v. Hargroves*, 48 Ga., 50; *Williams v. Wilkes*, 14 Pa. St., 228; *Womack v. Dearman*, 7 Porter [Ala.], 513; *Trumbull v. Payson*, 95 U. S., 418; *Earl v. Raymond*, 4 McLean [U. S. C. C.], 235; 12 Am. & Eng. Ency. Law, 148.)

A judgment of a state court will be regarded by the federal courts, sitting within the territorial limits within the state in which the same is rendered, as a domestic judgment. (*Owens v. Gotzian*, 4 Dill. [U. S.], 437; *Wilkinson v. Yale*, 6 McLean [U. S.], 17; *Lanmon v. Clark*, 4 McLean [U. S.], 18.)

Post, J.

This is a proceeding in the nature of a creditors' bill, and comes into this court by appeal from a decree of the district court for Douglas county. It is alleged in the petition that in the year 1866 the plaintiff recovered judgment in the circuit court of the United States for the district of Nebraska against the defendants Morris H. Sloman and Eugene H. Sloman, doing business in the firm name of Sloman Bros.; that execution has been issued thereon and returned unsatisfied, said defendants, as well as the firm of Sloman Bros., being wholly insolvent. It is further charged that in the years 1887 and 1888 the said Morris H. Sloman purchased certain real estate, described therein, situated in Douglas county, with his individual means, and for the purpose of defrauding his creditors procured deeds therefor to be executed in the name of his wife, Cora H. Sloman, who is also made a defendant. A. F. Risser & Co., William B. Riley & Co., and Charles H. Wentz, judgment creditors of the Slomans, were also made defendants and answered, joining in the plaintiff's prayer to have the real estate in controversy subjected to the payment of their claims in the order to be determined by the court, and for general equitable relief. The allegations of the petition having been put in issue by answer, a hearing was had, resulting in a decree for the plaintiff and cross-petitioners substantially as prayed by them, and from which the defendant Cora H. Sloman alone appeals.

1. The first contention on this appeal is that appellees are not shown to be creditors of Morris H. Sloman, the al-

leged equitable owner of the property mentioned, and that the judgments proved are against the firm of Sloman Bros. only. The title of the action by the plaintiff in the circuit court of the United States was "The First National Bank of Chicago v. Morris H. Sloman and Eugene H. Sloman, late partners doing business as Sloman Bros." The judgment therein is as follows: "It is therefore considered and adjudged by the court that the plaintiff the First National Bank of Chicago recover from the defendants Morris H. Sloman and Eugene H. Sloman, partners doing business as Sloman Bros., the sum of fifteen hundred and four and $\frac{50}{100}$ dollars ($1,504.50) and costs, herein taxed at $——." The other judgments mentioned were rendered by the same court and are similar in form to the above. In *King v. Bell*, 13 Neb., 409, which is a case in point, it is said: "Where the parties are designated by name as defendants in the title, the addition of the relation they occupy to each other, such as a description of them as 'partners,' will not restrict the action to one against the firm alone." The case of *Morrissey v. Schindler*, 18 Neb., 672, relied upon by appellant, does not conflict with the above. The question involved in that case was whether a contract executed in the name of M. Bros. was admissible in the absence of an allegation that the defendants were doing business as partners. From the title of the cause against "J. C. M. and M. M., doing business under the name and style of M. Bros.," it was held so far an action against the firm as to render the contract admissible. It does not follow from the reasoning therein that such an allegation will not support a judgment against the individual defendants; but the question of the regularity of the proceedings in the circuit court not being involved in this appeal, it is apparent that further consideration of the subject would be out of place in this opinion. It is a sufficient answer to appellant's argument that the record set out above shows a judgment in fact against the

Slomans individually and not against the firm of Sloman Bros.

2. It is next contended that "the judgment upon which the plaintiff's bill is based is not a domestic judgment, but is the judgment of a court of limited jurisdiction, and, so far as the courts of this state are concerned, a foreign judgment." That proposition, we admit, is not without support, but it is believed to be in conflict with the pronounced weight of authority. The question of the relation of the United States courts to the courts of the different states was recently considered by the supreme court of Wisconsin in the case of *Ballin v. Loeb*, 78 Wis., 404, in which it was held that the judgments of those courts should be treated as domestic judgments of the superior courts of the state, for the following reasons (we quote from the opinion), viz.: "1. They are liens on the land of the defendants. (Ch. 729, Acts Cong., 1888.) 2. They are admissible in evidence as such when properly authenticated. (Sec. 4145, Rev. Stats.) 3. In common law causes the plaintiff is entitled to the same remedies by attachment or other process against the property of the defendant (sec. 915, Rev. Stats., U. S., and by section 914 the same practice, etc.), and modes and forms of proceeding in civil causes may be the same. By section 916 the judgment plaintiff in common law causes is entitled to similar remedies upon the same to reach the property of the judgment debtor. 4. They are respected by our courts, and the property of the defendant in the hands of a receiver appointed by the United States court in a Wisconsin district will not be disturbed by our courts. 5. They are treated, in all respects as to remedies, like domestic judgments of the state within which they are rendered." To the same effect are *Wandling v. Straw*, 25 W. Va., 705; *Thompson v. Lee County*, 22 Ia., 206; *Barney v. Patterson*, 6 Harr. & J. [Md.], 182; *Embry v. Palmer*, 107 U. S., 3; *Adams v. Way*, 33 Conn., 419; *McCauley v. Hargroves*, 48 Ga., 50. The records of the judgments of the circuit court were, we think, properly admitted in evidence.

3. Finally, it is urged that the decree of the district court is not warranted by the proofs. This is shown by the record to be a typical case of its kind. In the year 1883 or 1884 Morris H. Sloman entered into partnership with his brother Samuel in the wholesale saddlery and harness business in the city of Omaha. Afterward Eugene H. Sloman also became a member of the firm. In the year 1886 Samuel withdrew and the business was thereafter conducted by the other members, in the name of Sloman Bros., until June, 1886, when it failed with liabilities amounting to $100,000, nearly if not quite twice the amount of its assets. Of the original capital of the firm, Samuel Sloman contributed about $15,000, and Morris H. less than $3,000. The amount drawn out by the former at the time he retired from the firm is not disclosed by the record, but presumably the amount of his contribution thereto. The circumstances attending the failure are of a suspicious character and sufficient to suggest grave doubts of the good faith of the partners. The appellant Cora H. Sloman, at the time of her marriage in 1884, was possessed of a small sum of money, not exceeding $250, the proceeds of her own earnings. Shortly after the failure she built a house in the city of Omaha which cost in the neighborhood of $18,000, and the family lived in a style indicating abundant means. About that time Morris H. Sloman engaged in business as a real estate broker in the city of Omaha in the name of his wife, the appellant, and is shown to have speculated extensively in real estate, ostensibly in her name under and by virtue of a power of attorney executed by her. It is admitted that no accounting was ever had between them of the business carried on in her name, nor does she appear to have a very definite idea of the amount or character of such transactions. About one year later Sloman opened a bank in his wife's name and thereafter transacted a banking business until about the time of the institution of proceedings in the circuit court of the United States by other creditors of

Sloman Bros., to subject the property in his wife's name to the satisfaction of the partnership indebtedness. There are other facts tending to sustain the finding of the district court, but it is evident from the foregoing statement that the decree should not be disturbed on this appeal, and it is accordingly

AFFIRMED.