GEORGE W. STONE v. REBECCA S. NEELEY.

FILED NOVEMBER 8, 1894.    No. 4427.

1. **Partnership:** PLEADING.    An action may be maintained against H. L. S. and G. W. S., partners doing business as S. & S., or against either of them; but to render G. W. S. liable for the acts of H. L. S. there should be averments as well as evidence to establish between them the relation of partners.

2. **Trover and Conversion.**    An action for failure to pay over money received by defendant as the agent of plaintiff cannot be maintained upon mere proof of negligence on the part of the defendant in making collection of the money with the detention of which he is sought to be charged in the petition.

ERROR from the district court of Buffalo county.    Tried below before HAMER, J.

*R. A. Moore,* for plaintiff in error.

*Greene & Hostetler, contra.*

RYAN, C.

In the petition filed in the district court of Buffalo county this cause was entitled " Rebecca S. Neeley, plaintiff, v. H. L. Strong and George W. Stone, defendants."    Nowhere in the petition were the defendants described otherwise than above, except in the written contract, which formed the basis of plaintiff's alleged cause of action.    This contract was in the following language :

"KEARNEY, NEBRASKA, April 25, 1884.

"To whom it may concern: I hereby authorize Strong & Stone to sell lots 499 and 500, in the city of Kearney, for the sum of ($3,000) three thousand dollars, deducting therefrom such amounts as are necessary to satisfy the claims of Wiley Bros., Robinson Bros., R. L. Downing, and other legal liens that may be upon the property, the

remainder to be accounted for in cash, or satisfactory paper after deducting one hundred dollars for commission.· A deed received by Strong & Stone for above property.

"R. S. Neeley.

"Strong & Stone."

After the petition had been filed, service of summons was had on defendant Strong, who died before service on Stone. After Strong's death, service by publication was attempted as to Stone, who had become a non-resident of this state. Whether or not jurisdiction was obtained is rendered an immaterial inquiry, by the fact that after a special appearance for the purpose of questioning the jurisdiction of the district court of his person, defendant Stone filed a motion for a more specific statement of plaintiff's cause of action, afterwards demurred, and finally filed an answer, under which he introduced evidence, and asked instructions with a view to defeat a recovery by plaintiff. ( *White v. Merriam,* 16 Neb., 96 ; *Cropsey v. Wiggenhorn,* 3 Neb., 108.)

It is argued that even if the designation "Strong & Stone" should be held to imply the existence of a partnership relation between those individuals, yet that a several action could not be maintained against one or both of them. In *First Nat. Bank of Chicago v. Sloman,* 42 Neb., 350, an opinion prepared by Judge Post has been filed during this term, in which it was held that a petition wherein the defendants are described as M. H. S. and E. H. S., partners doing business as S. Bros., is not an action against the firm named, but will sustain a personal judgment against the defendants therein. It is nowhere in the petition made to appear, however, that Strong and Stone ever were partners. The transactions by reason of which Stone is sought to be held liable were between plaintiff and Strong. To connect Stone with them there should have been averments in the petition disclosing a reason for such liability, either as a partner or otherwise. In brief, the petition charged only the making of the written contract above quoted, that

defendants sold the lots described, and that " after the payment of the claims of Wiley Bros., Robinson Bros., R. L. Downing, and all other liens upon said property, and after deducting $100 for commission due the said defendants for the sale of said property, there remained due and unpaid to the said . plaintiff from the said defendants, on account of said contract for the sale of said lots 499 and 500, the sum of $525, together with interest thereon from the first day of June, 1885." A demand for the payment of this sum of $525, with interest, and the refusal on the part of the defendants to comply, were then alleged, following which allegations was a prayer for judgment for said sum and interest thereon from June 1, 1884. There was filed an answer in which these averments of the petition were denied and in which it was alleged that no such firm as Strong & Stone existed when the written agreement was made, and that if there was any liability of the firm of Strong & Stone, said firm had never been sued, and that after the sale of the property to one Robertson and payment of all liens against it, and the commission of $100 and the judgment of the state of Nebraska, the balance was paid over to the plaintiff. Subsequently, by leave of the court, during the trial, there was filed an amendment to the answer, in which were contained the following averments: "That the judgment of the State of Nebraska v. Maria Brown for the sum of $502.88 was a *prima facie* lien on said lots 499 and 500, and that on or about July, 1884, there being a dispute as to the validity of said lien, it was mutually agreed by and between the purchaser of said land and the said plaintiff that the purchaser should retain the $525 in his hands until the validity of said judgment lien was adjudicated and settled in court; that pursuant to said agreement the said purchaser retained and held back the said sum; that the said plaintiff never had the said lien adjudicated and removed; that the said $525 never came into the hands of said Strong & Stone for the

reason above set forth; that the said sum is still retained by said purchaser, and that demand has never been made upon him for the payment of the same."

In the certificate of the clerk of the district court in this case there is reference made to a reply, but none is to be found. When leave was given to file the amendment to the answer first quoted no permission was asked to reply. We cannot, therefore, determine from the record what facts pleaded in the answer as amended were put in issue by reply. It seems, however, from the manner in which testimony was introduced without objection, and in which instructions were asked and given, that the reply was treated as applying to both the answer and the amendment thereto. The rule applicable where no reply is filed, "that each averment of the answer is to be taken as true," should not determine the effect to be given in answer, to which in fact there was a reply which had not been transcribed into the record brought to this court. The evidence of A. H. Connor, counsel for plaintiff in the district court, was that he waited on Mr. Strong in his lifetime and presented this claim; that Mr. Strong never contradicted this claim, but said that he had not yet got the money from Robertson; that the last time witness saw Strong he (Strong) asked witness to wait awhile, as Mr. Robertson had gone away, and that finally suit was brought. Mr. Strong gave plaintiff a memorandum in writing, which seems to have had reference to this transaction. This, however, was excluded when offered in evidence, on the ground that it was part of a transaction had between a person since deceased and plaintiff. In testimony Mr. Robertson stated that he paid to Mr. Strong $460.50, which included the cost of the abstract. This witness also testified that among the liens on the property there was one in favor of the state of Nebraska for $502.88; that, after paying over to Strong the $460.50, witness told Strong that until said judgment was closed up witness would not put any more money into the matter;

that some time after this Mrs. Neeley came and, as witness said, "We had a talk. They would not give a deed until the $500 was paid over to them. The agreement was that that money should be withheld until the judgment was removed, they claiming that it was only a cloud that could be removed at any time." This agreement, witness testified, was made with Mr. Strong, and he thought Mrs. Neeley was present, and that he never got a deed and did not dispose of this property until some time after he had left Kearney, when he sold it to Mr. Moore. In this connection it may be remarked that Mrs. Neeley admitted in her testimony that she thought that by letter she, at the request of Mr. Moore, instructed Mr. Strong to put on record the deed above referred to. She, however, denied any knowledge of the arrangement testified to by Mr. Robertson as to withholding payment until the lien of the aforesaid judgment was removed. She also testified that at the time the above judgment was rendered, Mrs. Brown, the judgment defendant, then owning the property in question, was the head of a family and occupied it as a homestead. The theory of the plaintiff seems to have been that as Strong & Stone were authorized to sell lots 499 and 500 on certain terms, a deed being given them at the same time to enable them to consummate such sale whenever they should secure a purchaser, they were bound to account for the amount fixed as her price whenever the sale was made and the deed delivered. The existence of a judgment against Mrs. Brown, a former owner of the property, seems to have created an impediment to finally closing the sale. There was then a conference between Mr. Robertson, the purchaser, and Mr. Strong, resulting in an agreement that the amount of this judgment should not then be paid, but the delivery of the deed meantime being withheld, this apparent lien should be removed, after which payment should be made of the amount withheld. Pursuant to this agreement Robertson

awaited this removal of the apparent lien. It appears that in a proceeding to foreclose a mortgage to Robertson Bros. by the First National Bank of Kearney, the holder by assignment thereof, R. A. Moore and Buffalo county were made defendants, and that upon issues joined between them the district court of said county decreed that the judgment in favor of the state of Nebraska was not a lien on the premises which Robertson contracted to purchase, because at the date said judgment was rendered said property was the homestead of the judgment defendant. This decree was of date December 21, 1885. There has been no demand of Robertson to pay the money he withheld until the removal of the aforesaid lien was consummated. His own evidence shows that in fact he has never paid it. If Strong & Stone are at all liable it must be for permitting this money to be withheld by Robertson, or perhaps for not collecting it from him. The petition does not present this issue, neither does it contain such averments as would, if proved, render Stone liable for the misfeasance, malfeasance, or nonfeasance of Strong in this regard. That this cause may be tried upon proper issues as to which the evidence may be relevant, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.