M. J. BROATCH ET AL. V. R. A. MOORE.

FILED APRIL 5, 1895.   No. 5702.

Judgments: ACTION AGAINST FIRM: SUMMONS: SERVICE. An action in the county court was entitled "M. J. B. v. N. & H." In the bill of particulars it was alleged that "said defendants N. O. N. and J. H. are indebted to the plaintiff." Judgment was entered by default against the defendants without naming them. Service was made under the provisions of section 25 of the Code authorizing service against companies or firms not incorporated, the return being as follows: "I served this writ on the within named J. H. at his usual place of business, * * * the within N. O. N. not being found in the county." Held, A judgment against the firm of N. & H., and not the individual members thereof.

ERROR from the district court of Buffalo county. Tried below before HAMER, J.

*Cavanagh, Thomas & McGilton,* for plaintiffs in error.

*R. A. Moore, pro se.*

POST, J.

This was an equitable proceeding in the district court for Buffalo county by which it was sought to prevent the sale of lot No. 814 in the city of Kearney by the defendant Schars, as sheriff, on execution to satisfy a judgment in favor of his co-defendant, Broatch, and against the firm of Nelson & Hanson. An answer was filed, which need not be noticed further, for reasons which will hereafter appear.

A hearing was had in the district court, where there was a finding for the plaintiff therein and a decree in accordance with the prayer of the petition. A motion for a new trial was made and overruled and the cause removed into this court for review upon the following assignments of error:

"1. The court erred in granting said decree.

"2. Said decree is not sustained by sufficient evidence."

The paper purporting to be a bill of exceptions was, on motion of the defendant in error, stricken from the record at a former term, thus leaving for determination a single question, viz., Is the decree warranted by the pleadings? The finding being for the defendant in error on substantially all of the issues, our examination will be confined to the petition alone, since it is apparent that if a cause be therein stated for the relief sought, the decree must be affirmed. By it we are informed that on the 25th day of October, 1882, N. O. Nelson and John Hanson, then partners doing business in the firm name of Nelson & Hanson purchased the lot above described and procured a deed to be made therefor to said firm. On the 2d day of February, 1884, Nelson, by deed, in due form conveyed his interest in said lot to Hanson, said firm having been dissolved in the meantime by mutual consent. On the 6th day of the same month Broatch, plaintiff in error, recovered a judgment against the said firm in the county court of Buffalo county on a firm indebtedness for $335.32 and costs, taxed at $2.60, and on the 20th day of the same month caused a transcript thereof to be filed with the clerk of the district court for Buffalo county. On the 2d day of September, 1885, the defendant in error purchased said premises from Hanson and one Gillespie, although the interest of the latter does not appear.

The real controversy relates to the character of the judgment, a transcript of which is attached to the petition and made a part thereof. If regarded as a personal judgment against Hanson, it was a lien upon the premises at the time

45

defendant in error acquired title through his conveyance from the former, and the petition accordingly failed to state a cause of action. On the other hand, it is conceded that if the judgment is against copartnership merely, it is, for the purpose of this controversy, not a lien, and the petition is not subject to demurrer. Turning to the transcript, we observe the action was entitled "M. J. Broatch v. Nelson & Hanson." In the bill of particulars, which is set out at length, we find the following: "Plaintiff complains of the said N. O. Nelson and John Hanson for that on the 1st day of January, 1884, said defendants were indebted to the plaintiff. * * * Wherefore the plaintiff prays judgment&against said defendants," etc. Summons was issued, but for whom does not appear from the record. In the return thereof it is recited as follows: "I served the within writ of summons on the within named John Hanson at the usual place of business by delivering a copy, etc., * * * the within named N. O. Nelson not found in the county." On the return day the following record was made: "Default is this day entered on motion of the attorney for the plaintiff, * * * and it appearing that the defendants are indebted to the plaintiff in the sum of $335.32, it is considered and adjudged that the plaintiff have judgment against the defendants in the sum of $335.32 and costs of this action, taxed at $2.60." The question is certainly not free from doubt, but there is disclosed by the foregoing record one fact which leads us to construe the judgment as against the firm of Nelson & Hanson rather than the individual members thereof. It will be perceived that jurisdiction was acquired therein, if at all, under the provisions of section 25 of the Code, which authorizes service in actions against any company or firm by copy left at the usual place of business of the defendant with a member of said firm, or clerk or general agent thereof, and declares that "executions issued on any judgments rendered in such proceedings shall be levied only on partnership property."

The validity or regularity of the proceedings of the county court are not directly called in question by this action, and yet the fact cannot be overlooked that unless that court acquired jurisdiction under the provisions of the section cited, its judgment as against Nelson is absolutely void, a result evidently not contemplated by the plaintiff therein, or the court.

It is not necessary to review the cases cited in the brief of the plaintiffs in error. It is sufficient that the conclusion here reached in nowise conflicts with *King v. Bell*, 13 Neb., 412, *Morrissey v. Schindler*, 18 Neb., 672, *Rowland v. Shephard*, 27 Neb., 494, and *First Nat. Bank v. Sloman*, 42 Neb., 350. It follows that the petition states a cause of action and that the decree restraining the sale of the lot described, to satisfy the judgment against Nelson & Hanson, is right and should be

AFFIRMED.