STATE OF NEBRASKA V. FRANK C. PIELSTICKER ET AL.

FILED APRIL 25, 1929. No. 26885.

*George N. Gibbs, Halligan, Beatty & Halligan* and *C. S. Beck*, for plaintiff in error.

*Bernard McNeny, James T. Keefe* and *Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ., and LIGHTNER and REDICK, District Judges.

DAY, J.

The county attorney of Lincoln county has presented to this court a bill of exceptions, in this a criminal case, for a decision upon the points presented therein. Pielsticker was the president and a director and Scott a director of the Maxwell State Bank. A partnership consisting of defendants and James C. Moore, doing business under the name of North Platte Feeding Company, hereafter called the partnership, on September 27, 1925, borrowed $2,000 from the bank, and subsequently on April 30, 1926, borrowed an additional $3,000. No approval of the board of directors of said bank was secured for the making of said loans. This borrowing of money by the partnership was charged to be in violation of section 8012, Comp. St. 1922,

as amended by section 11, ch. 30, Laws 1925, which, as far as applicable, reads as follows:

"No officer other than a director, who is not an officer, and no employee of any corporation transacting a banking business, under this article, shall be permitted to borrow any of the funds of the bank, directly or indirectly, and no director of a bank, nor a corporation in which an officer of a bank is an officer, shall be permitted to borrow any of the funds of the bank without first having secured the approval of the board of directors at a meeting thereof, the record of which shall be made and kept as part of the records of said bank."

In November, 1928, the cause was tried, and upon the conclusion of the state's evidence the trial court sustained defendant's motion for an instructed verdict and instructed the jury to return a verdict finding defendants not guilty, which was done.

(1) The learned trial judge took the view that a partnership was a distinct legal entity. There has been considerable conflict of authority as to whether or not a partnership is a legal entity, separate and distinct from the individuals who compose it. The common law did not recognize a partnership as an entity. However, "the theory that a partnership is a legal entity distinct from and independent of the persons composing it has been repeatedly affirmed." 20 R. C. L. 804, sec. 6. Our own court held in *Clay, Robinson & Co. v. Douglas County,* 88 Neb. 363: "A partnership is an entity distinct and separate from that of its members, and is recognized in law as a person." It has been held by some courts that a partnership is not a legal being distinct from the members who compose it, but there is a general tendency today to complete the recognition of a partnership as a body of itself with its own means appointed to its own debts. 30 Cyc. 423; *Fitzgerald v. Grimmell,* 64 Ia. 261. This state has held the entity theory of partnerships in a number of cases. *Richards v. Leveille,* 44 Neb. 38; *Roop v. Herron,* 15 Neb. 73.

This court is committed to the doctrine that a partner-

ship is a legal entity by a long line of cases. This has been held particularly in cases involving the marshalling of assets. However, the partnership relation is such that the separate property of a partner cannot be subjected to the payment of partnership debts until the property of the firm is exhausted. *Leach v. Milburn Wagon Co.,* 14 Neb. 106. Firm property must also be subjected to the payment of the firm debts before it can be applied to the debts of the individual members of the firm. *Roop v. Herron,* 15 Neb. 73; *Steele v. Kearney Nat. Bank,* 47 Neb. 724. The partners are personally, jointly, and severally responsible for partnership liabilities. But the benefits and liabilities of a partner arise from and are the result of the partnership relation. Therefore in this state a partnership is an entity, distinct and apart from the members composing it, for the purpose for which the partnership exists. *First Nat. Bank v. Sloman,* 42 Neb. 350.

(2) Where officers and directors of a state bank form a partnership, which partnership borrows money from the bank, without first securing the approval and consent of the board of directors of the bank, does such borrowing constitute a borrowing by the officers and directors of said bank within the provisions of section 8012, Comp. St. 1922, as amended by section 11, ch. 30, Laws 1925? In brief, we must determine whether or not the borrowing by the partnership is the direct borrowing of the individual members. The cases cited by the county attorney, viz., *Nebraska Railway Co. v. Lett,* 8 Neb. 251, *Stone v. Neeley,* 42 Neb. 567, *Ruth v. Lowrey,* 10 Neb. 260, and *First Nat. Bank v. Sloman,* 42 Neb. 350, go no further than to hold that a member of a partnership is personally responsible for the partnership contracts, and that is the only principle of law decided in any of the above cases. Furthermore, in order to hold partner A liable for the acts of partner B, there must be an averment and proof of partnership. It is also necessary, in order to maintain an action for the partnership liability against an individual member, that the petition allege, and it must be proved, if

denied, that partnership property is insufficient to satisfy judgment. *Ruth v. Lowrey,* 10 Neb. 260.

The state relies upon *People v. Knapp,* 206 N. Y. 373, as authority for the proposition that the borrowing by the partnership, of which defendants were members, was the borrowing of the defendants. The New York law prohibited a certain indebtedness, and provided that no person nor firm should incur a liability to the bank in excess of a certain amount. By the borrowing of the partnership in that case, an indebtedness in excess of the amount provided by law was created, a thing clearly and positively prohibited by the statute. The court further based its decision upon the fact that in New York a partnership was not considered a legal entity, separate and distinct from the members thereof.

We find no authority which sustains the proposition that a borrowing of a partnership is the borrowing of the individual members thereof within the meaning of the criminal statute. One partner cannot be held for a crime committed by another partner unless he personally participates in the act. *Levin v. United States,* 5 Fed. (2d) 598.

(3) The trial judge held in this case that the information in fact charged an indirect borrowing by the defendants from the bank. The information in substance charged that the defendants borrowed from the bank through the partnership. Is the borrowing by the partnership an indirect borrowing prohibited by the statute?

"Indirectly" signifies the doing by an obscure circuitous method something which is prohibited from being done directly, and includes all methods of doing the thing prohibited except the direct one. *Farmers State Bank v. Mincher,* 267 S. W. (Tex. Civ. App.) 996. There is no question but if the defendants in this case had used this partnership as a subterfuge for the purpose of borrowing money from the bank in reality for themselves, such an act would constitute an indirect borrowing. The trial judge well said in his memorandum: "If the word 'indirectly' as used in the statute under consideration is confined to include only

those acts by which the officer of the bank uses some other person, firm or corporation as a subterfuge or a blind to make a loan in reality to himself, then it is given not only its ordinary and plain meaning, but also a definite and certain meaning which would be readily understood by any layman reading the statute."

The money borrowed from the bank by the partnership in this case was used by it in the usual course of business. The partnership was not used as a blind or subterfuge by the defendants to borrow money from the bank for their own personal use. The thing done is *mala prohibita* and until the act was passed it was perfectly proper and legal for the officers and directors of a bank to borrow from it. It was an act passed to correct abuses and to promote sound banking.

We are of the opinion that the acts of the defendants in this case are as dangerous to sound banking as those expressly prohibited. Probably this case demonstrates the wisdom of such a prohibition. However, no act is criminal unless the legislature has in express terms made it so and no person can be punished for an act or omission which is not made penal by the plain import of the written law. *State v. De Wolfe,* 67 Neb. 321. It will be noted that the statute prohibits the borrowing from a bank by a corporation in which an officer of the bank is an officer. But the act does not prohibit the borrowing by a partnership, the individual members of which are officers of the bank. In order to hold the defendants in this case liable criminally, it would be necessary for the court to add the following words to the statute, "and no partnership in which an officer of a bank is a member," after the prohibition relative to corporations in which an officer of the bank is an officer. If as a matter of public policy in the interest of sound banking these words should be added to the statute, it is the province of the legislature rather than the court to add them.

Another reason occurs to us which forces us to reject the interpretation desired by the county attorney. Section

8013, Comp. St. 1922, as amended by section 45, ch. 191, Laws 1923, which also deals with loans made by banks, uses the words, "corporation," "firm," or "individual," thereby indicating by the language of a section of the statute immediately following in the Compiled Statutes of 1922 the one with which we are concerned in this case, and upon a similar subject used the word firm when they intended to refer to partnership. It is argued that the court would not approve a sale made by a guardian to a partnership of which he was a member. That statute, as well as others cited, prohibits the guardian from directly or indirectly purchasing the property, or to be interested in the purchase. We do not hold that the partnership could not be used by the officers and directors of a bank to borrow money from their own bank. They could use the partnership for the purpose of a circuitous method of indirectly borrowing from the bank. Whether they did or not is a question of fact for the jury to determine from the evidence, considered under proper instructions by the court. The real test is to whom did the bank loan the money, the partnership, or to the individuals through the circuitous instrumentality of the partnership.

We have examined the evidence in this case and find that it was not sufficient to sustain a finding by the jury that the defendants borrowed the funds of the bank indirectly through the partnership. Therefore it was not error for the trial court to sustain the defendants' motion and direct the jury to return a verdict of acquittal. The exceptions should not be sustained.

EXCEPTIONS OVERRULED.