Ruth v. Lowrey.

WILLIAM RUTH, PLAINTIFF IN ERROR, V. LOWREY AND UPTON, DEFENDANTS IN ERROR.

1. **Foreign Judgment:** PARTNERSHIP: PLEADING. L. and U. brought certain actions in the district court of Wyoming Territory against a company by the *partnership* name, and recovered judgment against the *firm*, and thereafter brought actions on the judgments in this state against two of the partners, to charge them personally. *Held*, that to maintain such action it was necessary to allege in the petition, and if denied, prove that the partnership property was insufficient to satisfy the judgments.

2. **Partnership:** PLEADING: JOINDER. A firm in Wyoming did business by the name of J. W. D. & Associates, and also as D. S. & Co. *Held*, in an action against a member of the firm upon a judgment against J. W. D. & Associates, and one against D. S. & Co., that the judgments could be joined in one action.

ERROR to the district court of Douglas county. Tried in 1872 before LAKE, J., then sitting in the district court.

*Redick & Redick*, for plaintiff in error.

*George W. Doane* and *E. Wakeley*, for defendants in error.

MAXWELL, CH. J.

In the year 1870 the defendants in error commenced an action in the district court of Douglas county against James W. Davis, William Ruth, James H. Green, Mordecai B. Sprague, William F. Durant, and Timothy P. Richards, upon two judgments recovered in the district court of the first judicial district of Wyoming Territory, against said defendants, as *partners*. One of said judgments was recovered against the firm

of James, W. Davis and Associates, and the other against the firm of Davis, Sprague & Co., it being alleged that the same individuals composed both firms. Ruth answered the petition, denying in substance the facts stated therein, and denying specifically that he was a member of either of the above firms, or that he had been served with summons in the actions against the firms above named. On the trial of the cause a verdict was returned in favor of the plaintiffs in the court below, upon which judgment was rendered. Ruth brings the cause into this court by petition in error.

From the testimony in this case there is no question whatever as to Ruth being a member of the firm of James W. Davis and Associates, and also of the firm of Davis, Sprague & Company; and it is also clearly proved that James W. Davis and Associates, and Davis, Sprague & Co., were but different names for the same firm.

It appears from the record that one of the judgments in question was rendered against the *firm* of James W. Davis and Associates, and the other against the *firm* of Davis, Sprague & Co. The only question to be determined therefore is, can a recovery be had against the individual members of the firms, in this state, without alleging that the partnership property is insufficient to satisfy the judgments? There is nothing in the record showing that the statutes of Wyoming, like our own, permit a partnership to be sued by the firm name. It is now well established that the laws of another state must be proved as facts. *Moses v. Comstock,* 4 Neb., 519. Story's Conf. of Laws, sec. 637. In the absence of such proof the presumption is that the foreign law is like our own. *Id.* This being the case, the partnership could be sued by the firm name, and a judgment recovered against the firm. These judg-

ments, therefore, if the court had jurisdiction, would be conclusive upon the partners as to all matters put in issue by the pleadings.

Section 25 of our code of civil procedure provides that executions issued upon judgments rendered against a partnership by the firm name shall be levied only on partnership property.    Section 27 provides that "if the plaintiff, in any judgment so rendered against any company or partnership, shall seek to charge the individual property of the persons composing such company or firm, it shall be lawful for him to file a bill in chancery, setting forth his judgment and the insufficiency of the partnership property to satisfy the same, and to have a decree for the debt, and an award of execution against all persons, or *any* of them, as may appear to have been members of such company, association, or firm." [Gen. Stat., 527.]

A suit by or against a partnership by its firm name, without disclosing the names of the several partners, could not be maintained at common law. [1 Chitty's Pl. (10th Ed.), 256.]   And it is an elementary principle in pleading, that where a statute, upon certain conditions, confers a right or gives a remedy unknown to the common law, the party asserting the right, or availing himself of the remedy, must, in his pleadings, bring himself or his case clearly within the statute.   *Haskins v. Alcott,* 13 Ohio State, 216.   If these rules are correct, how do they affect the case at bar? There is no allegation in the petition that the partnership property in Wyoming is insufficient to satisfy the judgments, nor is there any proof tending to show that such is the case.   This is essential to entitle the plaintiffs to recover.   It is contended by the defendants in error that this principle does not apply to a judgment of another state sued on in this state.   As the presumption is that the laws of Wyoming are the

same as our own, the plaintiffs could not in that terri-
tory proceed against the individual members of the
partnership to collect the amount remaining unpaid
on the judgment without alleging in their petition
that the partnership property was insufficient to sat-
isfy the same.

The service of summons in an action against a firm
must be served on it at its *place of business*, and not upon
the members individually; and the judgment sought
is against the *firm*, and the partnership property be-
comes the primary fund for its payment. An action
could not be maintained in Wyoming to charge the
individual property of the members of the firm upon
these judgments without alleging in the petition the
insufficiency of the partnership property to satisfy the
same. Do the plaintiffs acquire any greater rights un-
der their judgments by bringing their actions upon
them in this state? Must they not allege sufficient
facts in their petition to show their right to proceed
against the members individually? We think they
must. This, in effect, is a proceeding to charge the
individual property of the persons composing the firm;
and in order to maintain the action the petition must
show the insufficiency of the partnership property in
Wyoming to satisfy the amount due upon the judg-
ments. The transcripts of the judgments are merely
evidence of debt against the *firm*, and acquire no great-
er force in this state than they possessed in Wyoming.
The rule in equity in the distribution of the joint and
separate assets of insolvent partners is, that the indi-
vidual assets of a partner be first applied to the debts
of his individual creditors, and the partnership assets
first to the partnership debts; the preference of the
separate creditors in the individual property resulting,
as a necessary correlative, from the priority of the
joint creditors in the joint effects, inseparable from the

nature of the relation of the partners to each other. *Rogers v. Meranda*, 7 Ohio State, 179. *Ex parte* Clay, 6 Ves., 813. *Ex parte* Kensington, 14 Id., 448. *Meech v. Allen*, 17 N. Y., 300. But this rule does not apply where there is no joint estate for distribution, and no living solvent partner. *Rogers v. Meranda, supra.*

Kent thus states the rule: "The joint creditors have the primary claim upon the joint fund, in the distribution of the assets of bankrupt or insolvent partners, and the partnership debts are to be settled before any division of the funds takes place. So far as the partnership property has been acquired by means of partnership debts those debts have in equity a priority of claim to be discharged; and the separate creditors are only entitled in equity to seek payment from the surplus of the joint fund after satisfaction of the joint debts. The equity of the rule, on the other hand, equally requires that the joint creditors should only look to the surplus of the separate estates of the partners after payment of the separate debts * * * If the partnership creditors cannot obtain payment out of the partnership estate, they cannot in equity resort to the private and separate estate until private and separate creditors are satisfied; nor have the creditors of the individual parties any claim upon the partnership property until all the partnership creditors are satisfied. The basis of the rule is that the funds are to be liable on which the credit was given. In contracts with the partnership the credit is supposed to be given to the firm, but those who deal with an individual member rely on his sufficiency." 3 Kent Com., 65.

The rule in equity undoubtedly is that joint creditors must go first to the joint estate, and the separate creditors first to the separate estate. But it may be said that these principles would apply between creditors of

the partnership and creditors of the individual members of the firm, but have no application to the case at bar.

To this it may be answered that the credits having been given to the firm, and the judgments taken against it, the individual members thereof certainly have a right to insist that the partnership property—being the primary fund for the satisfaction of the judgments—shall be applied in payment thereof before actions are instituted against them, to subject their individual property to the payment of the same. The plaintiffs have chosen their remedy under the statute, and they must comply with its requirements.

The judgment of the district court is reversed, and the cause remanded to the district court, with leave to amend the petition, and for a new trial, costs, except in this court, to abide the event of the suit.

JUDGMENT ACCORDINGLY.

LAKE, J., dissents.