JOSEPH LEACH, PLAINTIFF IN ERROR, v. THE MILBURN WAGON CO., DEFENDANT IN ERROR.

**Judgment Against Partnership.** Where a judgment has been recovered against a partnership in the firm name, and it is sought to subject the individual property of the members of the firm to the satisfaction of the same, it must be made to appear that the partnership property has been exhausted.

ERROR to the district court for Dixon county. Tried below before BARNES, J.

*Gantt & Norris,* for plaintiff in error, cited :    *B. &. M. R. R. v. Dick & Son,* 7 Neb., 242.    *Haskins v. Alcott,* 13 Ohio State, 216.    *Ruth v. Lowrey,* 10 Neb., 260.

*A. G. Kingsbury,* and *Fawcette & Pardoe,* for defendant in error.

MAXWELL, J.

This is an action to recover judgment against an individual partner on a judgment against the partners as a firm.    A demurrer to the petition was overruled in the court below, and the plaintiff in error (defendant below) electing to stand on his demurrer, judgment was rendered in favor of the defendant in error.

It is alleged in the petition that prior to January, 1878, Joseph Leach and James A. Sawyers were a firm doing business under the name of Sawyers & Leach in Iowa and Nebraska; that said firm became indebted to the Milburn Wagon Company in a large amount, and at the January, 1878, term of the circuit court, in Woodbury county, Iowa, said company recovered a judgment against said firm for the sum of $——; that an execution was issued out of said court on said judgment, which was returned unsatisfied; "that at no time since the rendition of the judgment set out in the petition herein has there been any funds, assets, or property belonging to said firm out of which said judgment, or any part thereof, so far as plaintiff has knowledge or information, could have been made."

It is also alleged that there was due on the judgment in question the 3d day of March, 1881, the sum of $976.39 and $74.15 costs.    The prayer is for judgment against the defendant below for the sum of $1058.84, and interest at ten per cent, and to subject his individual property to the payment of the same.

Sec. 24 of the code provides that: "Any company or

association of persons formed for the purpose of carrying on any trade or business, or for the purpose of holding any species of property in this state, and not incorporated, may sue and be sued by such usual name as such company, partnership, or association may have assumed to itself or be known by, and it shall not be necessary in such case to set forth in the process or pleading, or to prove it at the trial, the names of the persons composing such company."

Sec. 27 provides that: "If the plaintiff, in any judgment so rendered against any company or partnership, shall seek to charge the individual property of the persons composing such company or firm, it shall be lawful for him to file a bill in chancery against the several members thereof, setting forth the judgment and insufficiency of the partnership property to satisfy the same, and to have a decree for the debt, and an award of execution against all such persons, or any of them, as may appear to have been members of such company, association or firm."

The authority of a firm to sue and be sued in the firm name without specifying the individual names of the partners is given by statute, and has existed but a few years, the statute from which ours was copied substantially, being passed in 1846 (See 2 Curwen St., 1244). *Abernathy v. Latimore,* 19 Ohio, 286. The statute makes the firm a distinct entity and provides in what manner service may be had upon the firm. If a judgment is recovered against it which remains unsatisfied in whole or in part, the same proceedings may be had to subject the individual property of the partners as in an ordinary creditor's bill. This was the course pursued in the case of *Haskins v. Alcott,* 13 Ohio State.

In that case it was sought to subject the individual property of the partners to the satisfaction of a judgment against the firm. It was alleged in the petition in that case that the plaintiffs had recovered a judgment against "Haskins, Roller & Haskins" for the sum of $1675.27, which judgment was then in full force; that an execution had been is-

sued thereon, which was returned unsatisfied, and that said firm had no property out of which to collect said judgment or any part thereof. The petition also set out the names in full of the individual members of the firm, and contained a prayer for judgment against them individually.

This was what was attempted to be done in this case, but the petition fails to show that the partnership property had been exhausted. The return of an execution unsatisfied in Iowa would be sufficient to make a *prima facie* case if it was not alleged that the firm was organized for the purpose of doing business in this state. There is no allegation, claim, or pretense that the partnership property in this state had been exhausted. The allegation quoted above falls short of negativing the existence of such property. Allegations of this kind must be stated positively although they may be sworn to upon information and belief. The case therefore clearly falls within that of *Ruth v. Lowrey*, 10 Neb., 260.

It may be questioned whether an action can be brought against one member of a firm alone upon a joint obligation —that is, must not the action be in form against all the members of the firm although but a portion are served? See *Bazell v. Belden*, 31 O. S., 572–3. *Fox v. Abbott*, 12 Neb., 328. But this objection is not raised by the demurrer.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.