A. H. BOWEN, PLAINTIFF IN ERROR, v. W. S. CROW, DEFENDANT IN ERROR.

Action Against Partnership. The obligation of a partnership to pay a sum of money is the joint obligation of all the members of the firm, and an action against the members of such firm to recover a debt or obligation owing by it must be brought against all the members of the partnership.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*A. H. Bowen, pro se.*

*O. B. Hewett*, for defendant in error.

REESE, J.

This action was instituted by the defendant in error, as the treasurer of Adams county, for the purpose of collecting certain taxes alleged to be due the county from the plaintiff in error. The petition alleges that the plaintiff in error, during the years 1874, 1875, and 1876, was a member of a partnership then existing in said county, and that taxes for said years were levied upon personal property owned by said firm. That said taxes have become delinquent and, excepting certain payments which are set out in the petition, have not been paid. That said partnership has been dissolved, and there is no property belonging thereto out of which the money can be made. The action is brought against the plaintiff in error only as one of the members of said late firm.

To the petition the plaintiff in error demurred upon the following grounds, to-wit:

" 1st. That there is a defect of parties defendant, as shown by the petition "; and, " 2d. That said petition does not state facts sufficient to constitute a cause of action against said defendant and in favor of said plaintiff."

The demurrer was overruled; the defendant (plaintiff in error) refused to plead further, and judgment was entered against him, and he brings the cause into this court by petition in error.

The only question presented to this court for consideration is, whether or not an action can be maintained against one of several joint debtors alone, or whether the action

should be against all.   The law seems to be settled that the action must be against all.

In Bliss on Code Pleading, § 91, it is said: "At common law, where there is a joint obligation or undertaking, in an action upon it, all who thus join must be made defendants, and in determining whether it is joint the rule is that several persons contracting together with the same party for one and the same act shall be regarded as jointly, and not individually or separately, liable, in the absence of any express words,.to show that a distinct as well as entire liability was intended to fasten on the promisors. Thus, contracts.made by partners with third persons are joint, and all must be joined in an action; and so with promissory notes and other instruments or agreements made by more than one, when the agreement is general, as 'we hereby agree,' or 'hereby promise,' or 'bind and obligate ourselves,' etc.   Implied obligations are joint when the facts from which the promise is implied apply equally to more than one.   Partnership debts and debts of joint stock companies are always joint; and inasmuch as express words are necessary to make a several agreement, and especially one that is joint and several, the absence of such words makes it on the face of it joint."

This being the rule of the common law, it is evident that the rule remains in this state unless changed by statute, for the reason of the rule exists the same as heretofore. The obligation being joint, it denotes but a single indivisible claim, and so all the obligors constitute, as it were, one person owing a single debt, and no one owes any part of it. Hence the necessity of bringing all before the court, and no others.   Id., § 92.

Our statute has not changed this rule.   The law of this state upon this question is a literal copy of the law of New York, which has also been adopted by the states of Ohio, Wisconsin, Minnesota, North Carolina, South Carolina, Florida, Oregon, and perhaps others.   This question has.

been passed upon by the supreme court of Ohio, and the rule is settled in that state that the code, as well as the common law, requires all jointly liable to be made defendants. See 1 Bates' Pleadings Under the Code, 47. *Hempy v. Ransom*, 33 O. S., 315. *Bazell v. Belcher*, 31 O. S., 572. The same rule seems to be recognized in this state. See *Leach v. Milburn Wagon Company*, 14 Neb., 109. *Fox v. Abbott*, 12 Neb., 328. Maxwell's Justice Practice, 28. The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.