LEROY S. WINTERS, PLAINTIFF AND APPELLEE, V. JOHN L. MEANS, DEFENDANT AND APPELLANT.

1.  **Partnership:** SUMMONS: SERVICE ON ONE PARTNER. In an action by a partner to enjoin a judgment rendered against the firm of which he was a member, upon the ground that he was not served with process, it appeared that he was absent from the state, and service was made upon the managing member of the firm. *Held*, That the service was sufficient to sustain a judgment against the firm, so far as to subject firm property.

16

2. **Injunction:** PLEADING. In an action to enjoin a judgment, it is not sufficient to merely allege that party has a defense, but it should be pleaded.

3. **Judgment:** APPEARANCE OF ATTORNEY. Where the sole authority of a court to proceed in an action and render judgment is the general appearance of an attorney for the defendant, such right to appear may be denied, and the judgment vacated; but where service is made upon some of the members of a firm, and an attorney appears for all, the proof should be clear that he was not warranted in appearing for all.

APPEAL from the district court of ADAMS county. Tried below before GASLIN, J.

*O. A. Abbott*, for appellant, cited: *Wheatley v. Tuft*, 4 Kas., 245. *Bennett v. Stickney*, 17 Vt., 531. *Taylor v. Coryell*, 12 S. & R., 243. *Mulvaney v. Lovejoy*, 15 Pac. Rep., 181.

*John Dawson* and *Dilworth, Smith & Dilworth*, for appellee, cited: *Gardner v. Hall*, 29 Ill., 277. *Spangel v. Dellinger*, 42 Cal., 148. *Arnott v. Webb*, 1 Dillon, 362. *Hall v. Lanning*, 1 Otto, 160. *Gilman v. Gilman*, 126 Mass., 26. Freeman on Judgments, Sec. 98. *Webster v. Hunter*, 50 Iowa, 215. *Ferguson v. Crawford*, 70 N. Y., 253.

MAXWELL, J.

This is an action to enjoin a judgment.

On the trial of the cause, judgment was rendered in favor of the plaintiff. The defendant appeals.

The plaintiff alleges in his petition, " That on the 22d day of June, 1880, the defendant recovered a judgment in the district court of Adams county, Nebraska, against W. L. Smith, John J. Worsick, Charles Wells, George Wells, and Henry P. Handy, and this plaintiff, for the sum of $22,691 and costs, taxed at $39; that this plaintiff was never served with summons in said action, and never ap-

peared therein, personally or by attorney, and plaintiff never had any notice of said judgment, or the proceedings in said cause, until the 24th day of July, 1886 ; that said judgment is unjust, and if plaintiff ever had had notice of the pendency of said action, he would have had a complete defense to said action ; that at the commencement of said action he was not a partner of said W. L. Smith, John J. Worsick, Charles Wells, George Wells, and Henry P. Handy, or either of them, and was never indebted to said John L. Means, or concerned in the transaction, and the plaintiff was never indebted to the defendant on the claim on which said action was founded in said cause."

The defendant, in his answer, " admits that on or about the 22d day of June, A.D. 1880, he, the said defendant, recovered a judgment in the district court of said Adams county, in a certain action then pending in said court, wherein he, the said John L. Means, was plaintiff, and the firm of Smith & Co., consisting of W. L. Smith, Leroy S. Winters, John J. Worsick, Henry P. Handy, Charles Wells, and George Wells, were defendants, in the sum of $22,691, his debt and damages, and the costs, taxed at the sum of $39, which said suit is the same suit and proceeding referred to in said plaintiff's petition herein. Said defendant denies that said Leroy S. Winters was not a member of said firm of W. L. Smith & Co. at the time of the contracting of the obligation sued on, or at the time of the commencement of said suit, as alleged in said plaintiff's petition, and denies that said Leroy S. Winters had no notice of the pendency of said suit; denies that said Leroy S. Winters did not appear in said suit; denies that said judgment is unjust, or that at the date of the rendition thereof said Leroy S. Winters had any defense thereto ; denies that said Leroy S. Winters is not indebted to this plaintiff.

" 2d. Said defendant, further answering the petition of said plaintiff, and by way of a cross-petition, alleges that

said plaintiff, Leroy S. Winters, is the same Leroy S. Winters who was a member of the said firm of W. L. Smith & Co., and that the judgment heretofore referred to against said firm of W. L. Smith & Co. is now in full force, and wholly unpaid, unsatisfied, and unreversed; that he has caused execution to be issued thereon from time to time, and which executions have been returned unpaid and unsatisfied for want of property wherewith to satisfy the same; that the said firm of W. L. Smith & Co. is wholly insolvent, and has' been insolvent and unable to pay its honest debts ever since the rendition thereof. Defendant further alleges that the said Leroy S. Winters knew of the pendency of said suit, and employed attorneys therein, as well on his own behalf as on behalf of the firm of W. L. Smith & Co.; that said judgment is a valid and subsisting obligation against the said Leroy S. Winters, and against said W. L. Smith & Co."

The reply is a general denial.

The record shows that the action against W. L. Smith & Company was continued for two terms of the district court, in order to allow amended petitions to be filed; that a firm of attorneys at Hastings appeared for all the defendants in that action, and the court so finds. To the last amended petition in that case no answer was filed, and judgment was taken against W. L. Smith & Co. by default.

The plaintiff seeks to avoid the judgment upon two grounds: 1st, that he was not served with summons; and second, that he did not appear by attorney.

In his petition he does not allege that he was not a member of the firm of W. L. Smith & Co. at the time the contract with the defendant was entered into, while his own testimony clearly shows that he was such partner at that time. He denies that he is indebted to the defendant on the claim upon which a judgment was recovered, and says he has a defense. This defense may be, and probably is,

the statute of limitations. He should have stated the general nature of his defense, so that the court could judge of its sufficiency. It is very clear that the petition fails to state a case for equitable relief, to the extent of enjoining the judgment. Nor will the testimony warrant the court in granting an injunction against the entire judgment. The testimony shows that the plaintiff was a member of the firm of W. L. Smith & Co. on the 15th day of April, 1874, on which day the contract was entered into, and continued as a member of such firm until June 5th of that year, when he sold out his interest therein. There is no pretense that the defendant knew of the plaintiff's sale of his interest, or that he in any way gave his assent thereto. If the testimony of the defendant is to be believed, he had a large part of the contracts completed at the time the plaintiff is alleged to have sold his interest in the firm business. The plaintiff, as a member of the firm of W. L. Smith & Co., had entered into a contract with the defendant, and was bound to perform on his part. He could not release himself, therefore, by simply withdrawing from the firm or selling out his interest therein. A party who dealt with him as partner had a right to suppose that he would continue to be such until he had notice, either actual or constructive, of the dissolution of the firm.

2d. Where an action is brought against a firm in the individual names of its members, the summons should be served on all the partners. Where, however, one of the partners is absent from the state, so that the service cannot be made on him, service upon the other members will be allowed. *Leese v. Martin*, L. R., 13 Eq., 77. *Carrington v. Cantillon*, Bunb., 107. *Coles v. Gurney*, 1 Madd., 187. 1 Lindley on Part. (Elwell, 2 Ed.), 172. Such service is sufficient, at least, to subject the partnership property of the firm to the payment of the debt. It does appear in this case that the plaintiff was absent from the state when service of process was made on W. L. Smith &

Co., and that service was made on Smith, the member in charge of the business.    Such service is sufficient to sustain a judgment against property of said firm.

3d.    Where the court acquires jurisdiction solely by the appearance of an attorney, the party for whom the appearance was made, may, no doubt, deny the authority of such attorney, and if the appearance was unauthorized, vacate the judgment.    The want of authority, however, should be clearly made to appear, and particularly is this the case where the action is against a firm, one of whose members long afterwards seeks to escape liability, on the ground of want of such authority.    The proof on this point is not satisfactory, and does not clearly show want of authority. It is apparent that the judgment cannot be enjoined except upon equitable considerations, which do not appear in the record.    The judgment of the district court is reversed, and the cause remanded, with leave to the plaintiff to file an amended petition in thirty days, stating in full the defenses upon which he relies to defeat the judgment.

JUDGMENT ACCORDINGLY.

THE other judges concur.