Perkins v. Butler County.

---

B. O. PERKINS ET AL., APPELLANTS, V. BUTLER COUNTY ET AL., APPELLEES.

FILED NOVEMBER 8, 1895.  No. 5659.

1. **Insolvent Partnership:** RIGHTS OF CREDITORS AND PARTNERS: DISTRIBUTION OF ASSETS. The order for a rehearing in this case was as follows: "Rehearing allowed on the following question: Is this case, in view of the pleadings and the evidence, one calling for the application of the rule whereby partnership

assets are to be applied to the payment of partnership debts in preference to debts of an individual partner?" Upon a re-examination of the case the conclusion of the opinion rendered at the former hearing in relation to the question for consideration on rehearing, approved and adhered to. (For opinion see *Perkins v. Butler County*, 44 Neb., 110.)

2. ——: ——: ——. The points decided at the first hearing of the case having been then set forth in the syllabus of the opinion, they need not and will not be restated here.

REHEARING of case reported in 44 Neb., 110.

*George P. Sheesley, R. S. Norval,* and *George W. Lowley,* for appellants, cited: *Smith v. Smith,* 43 Am. St. Rep. [Ia.], 359, note, and cases cited.

*Leese & Stewart,* also for appellants.

*Steele Bros., Evans & Hale, M. A. Hall,* and *Frick & Dolezal, contra.*

HARRISON, J.

An opinion was filed in this case February 20, 1895, and was published in 44 Neb., 110. A motion for rehearing was filed, and on April 18 was sustained, the following being the order entered: "Rehearing allowed on the following question: Is this case, in view of the pleadings and the evidence, one calling for the application of the rule whereby partnership assets are to be applied to the payment of partnership debts in preference to debts of an individual partner?" In the decision of the case at the former hearing in this court this question was considered and determined, and it was then held: "When a partnership is dissolved and is insolvent, its assets will be treated by a court of equity as a trust fund for the payment of partnership creditors, and the creditors of one partner will not be permitted to divert the assets to the prejudice of the partnership creditors;" and the rule announced applicable to the issues

in the case as presented by the pleadings and the evidence.
We have carefully re-examined the entire record, more par-
ticularly for the purpose of determining the question here-
inbefore indicated, and, without entering into a discussion of
it, or stating at length the reasons which have moved us to
the conclusions we have reached, will say that our consid-
eration of the case at this time has resulted in verifying the
correctness of the opinion rendered at the former hearing,
in holding the rule appropriating partnership assets to the
payment of partnership debts applicable in this case as it
was developed by the pleadings and evidence.   Hence we
will adhere to the former opinion.   The judgment is

REAFFIRMED.

NORVAL, C. J., dissenting.