DUDLEY M. STEELE ET AL., APPELLANTS, V. KEARNEY NATIONAL BANK, APPELLEE, IMPLEADED WITH MEYER & RAAPKE ET AL., APPELLANTS.

FILED APRIL 7, 1896. No. 6383.

1. **Partnership: INSOLVENCY: ASSETS: TRUST FUNDS.** The assets of an insolvent partnership will in equity be treated as a trust fund for the payment of the firm creditors, and cannot be applied in satisfaction of the personal obligations of the individual partners to the prejudice of those to whom it equitably belongs.

2. ———: CHATTEL MORTGAGES: CREDITORS' BILL. Evidence
examined and *held* to sustain the finding of the district
court that the mortgage assailed was given to secure a
partnership indebtedness.

APPEAL from the district court of Buffalo
county.   Heard below before HOLCOMB, J.

The opinion contains a statement of the case.

*Dryden & Main*, for appellants:

An insolvent partnership cannot secure with
partnership assets an individual debt of one of
the members of the firm to the exclusion of firm
creditors; and an attempt to do so renders the
entire security void, unless, from facts shown by
the security itself, the individual and firm indebt-
edness can be separated. (*Keith v. Armstrong*, 26
N. W. Rep. [Wis.], 446; *Menagh v. Whitewell*, 52
N. Y., 146; *Arnold v. Hagerman*, 14 Am. St. Rep.
[N. J.], 719; *Clements v. Jessup*, 36 N. J. Eq., 569;
*Wilson v. Robertson*, 21 N. Y., 589; *Keith v. Fink*,
47 Ill., 272; *Heineman v. Hart*, 20 N. W. Rep.
[Mich.], 792; *Phillips v. Ames*, 87 Mass., 185; *Pat-
terson v. Seaton*, 28 N. W. Rep. [Ia.], 598; *Morehead
v. Adams*, 18 Neb., 573; *Caldwell v. Bloomington Mfg.
Co.*, 17 Neb., 489; *Roop v. Herron*, 15 Neb., 80; *Smith
v. Jones*, 18 Neb., 483; *Grover v. Wakeman*, 11
Wend. [N. Y.], 187.)

*Charles B. Keller*, also for appellants.

In an argument in favor of the point already
stated reference was made to the following cases:
*Wallach v. Wylie*, 28 Kan., 138; *Baldwin v. Short*,
125 N. Y., 553; *Denny v. Dana*, 2 Cush. [Mass.], 160;
*Clark v. Lee*, 78 Mich., 221; *State v. Hope*, 102 Mo.,

410; *Russell v. Winne*, 37 N. Y., 591; *School District v. Randall*, 5 Neb., 411.

*Marston & Nevius, contra.*

Post, C. J.

This is an appeal from a decree of the district court for Buffalo county. The proceeding below was in the nature of a creditors' bill by the appellants, Dudley M. Steele & Co., to set aside a chattel mortgage executed by the firm of Hayden & Pargeter in favor of the appellee, Kearney National Bank, under date of July 13, 1891, covering a stock of general merchandise in the city of Kearney, to secure an alleged indebtedness of the mortgagors in the sum of $2,990. Meyer & Raapke and Groneweg & Schoentgen, attaching creditors of Hayden & Pargeter, were made defendants and join with the plaintiffs in prosecuting an appeal from the decree of the district court in favor of the defendant bank.

The mortgage above mentioned is assailed upon the ground that the amount therein named, $2,990, is largely in excess of the actual indebtedness of Hayden & Pargeter to the bank, and includes the sum of $1,300 and over of the personal obligation of Richard Pargeter, a member of said firm. We agree with counsel for appellants that the assets of an insolvent partnership will in a court of equity be treated as a trust fund for the payment of the firm creditors, and that one partner will not be permitted to divert such property to the prejudice of those to whom it equitably belongs. (*Ripley v. Board of County Commissioners of Gage County*, 3 Neb., 397; *Sample v. Hale*, 34 Neb., 220; *Lyman v. City of Lincoln*, 38 Neb., 794; *Perkins*

*v. Butler County*, 46 Neb., 314.) But that question was distinctly raised by the pleadings and proofs, and the finding of the court upon the issue thus presented is entitled to the same consideration as would be accorded the verdict of a jury. (*Bank of Cass County v. Morrison*, 17 Neb., 341; *Bickel v. McAleer*, 35 Neb., 515.)

. The circumstance chiefly relied upon in support of the appellants' claim is that the amount of a note for $1,000, executed by Mr. Pargeter to the bank January 4, 1888, and secured by mortgage upon certain lands in Sherman county, was included in the alleged indebtedness of Hayden & Pargeter. It appears, however, from the testimony of Mr. Pargeter given in behalf of appellants that the $1,000 note represented money borrowed for said firm and used in the partnership business; that it was, in short, not his individual indebtedness, but the debt of Hayden & Pargeter, and that the note and mortgage executed by him were intended as security for said firm, in which he is corroborated by Mr. Tillson, cashier of the bank. This evidence is quite sufficient to sustain the finding of the district court. The decree will therefore be

AFFIRMED.