GUSTAV H. LINDELL v. DEERE, WELLS & COMPANY ET AL.

FILED OCTOBER 22, 1902.   No. 12,023.

Commissioner's opinion, Department No. 2.

1. Unsettled Book Account: INTEREST: SPECIAL AGREEMENT: VER-DICT. Money due on an unsettled book account for goods sold and delivered, will only bear interest at the rate of seven per cent., beginning six months after the date of the last item. But where, in a suit on such account, evidence is introduced showing that at the time the goods were ordered it. was agreed between the parties that the account should draw interest at ten per cent. after a certain date, and a jury allowed such interest, the verdict will not be set aside for that reason only.

2. Admission of Evidence: NON-REVERSIBLE ERROR. The admission of incompetent evidence, where it could in no way operate to the prejudice of the complaining party, is not reversible error.

3. Instructions. Instructions complained of examined, and held that they were not vulnerable to the objection made to them, and the court did not err in giving them.

4. Non-Reversible Error: OBJECTION: VALUES. It is not reversible error to sustain an objection to a question put to a witness on cross-examination for the purpose of testing his competency to testify on the question of values, where his evidence as to such values is wholly immaterial and could in no way prejudice the party complaining.

5. Conflicting Evidence. Where there is some competent evidence to establish every fact necessary to sustain a verdict, and we are unable to say upon an examination of the whole record that it was clearly wrong, such verdict will not be set aside on the ground. that it is not sustained by the evidence.

ERROR from the district court for Stanton county. Action on account for goods sold and delivered, by Deere, Wells & Company against Gustav H. Lindell and another.

Tried below before GRAVES, J.    Judgment for plaintiff.
Lindell brings error. *Affirmed.*

*John A. Ehrhardt,* for plaintiff in error.

*William W. Young, contra.*

BARNES, C.

This case was commenced in the district court for Stan-
ton county by defendant in error to recover the sum of
$400, a balance due from Gustave Sonnenschein and Gustav
Lindell, with interest at the rate of ten per cent. after
July 1, 1896, on account for goods sold and delivered to
them at their special instance and request. It was alleged
in the petition that Sonnenschein and Lindell, at the time
said goods were sold to them, were partners, doing busi-
ness under the firm name of Sonnenschein & Co., and that
the goods in question were received by them while they
were still in partnership; that the firm had since been dis-
solved, and there was no partnership property or effects
in existence out of which the balance due on the account
could be collected. It was further alleged that on or about
December, 1895, or subsequent thereto, while Sonnen-
schein and Lindell were in partnership, plaintiff sold and
delivered to them, at their instance and request, goods to
the amount of $645.97, and an itemized account of the
same was attached to the petition, marked "Exhibit A,"
and made a part thereof. It was further alleged that all
of the said goods were accepted and received by the defend-
ants in pursuance of said agreement of sale and purchase;
that defendants agreed to pay the prices for the said goods
set forth in the said exhibit, which said prices, it was al-
leged, were reasonable prices therefor. The petition fur-
ther alleged that no part of the said account had been
paid, except the sum of $182.47, and that there was a fur-
ther credit, for goods returned, of $63.50; that there was
a balance due plaintiff on said account of $400, with inter-
est thereon at ten per cent. from July 1, 1896, for which

sum plaintiff prayed judgment. To this petition Gustav Lindell filed his separate answer, denying all of the allegations thereof, except those afterwards therein admitted, and alleged that he and Gustave Sonnenschein entered into partnership on the 4th day of December, 1895, and that the partnership was dissolved on the 1st day of March, 1896. He further denies that the firm, while he was a member of it, purchased any goods of or from the plaintiff in the month of December, 1895, or at any other time, to the amount of $645.97, or in any other amount, except the items dated February 27, 1896; and he further alleged that all of such goods were sold to, and the contract in writing was made with, the firm of Peters & Sonnenschein, who were the predecessors of the firm of Sonnenschein & Co.; that he was not a member of the firm of Peters & Sonnenschein; that the goods itemized in the petition were delivered, if at all, to the firm of Sonnenschein & Co. after he had retired therefrom, and had been succeeded by one Edward Sonnenschein; that the indebtedness had been settled by the firm of Sonnenschein & Co., composed of Gustave Sonnenschein and Edward Sonnenschein, by giving their promissory notes therefor, due July 1, 1896, with interest at ten per cent., one of which notes was fully paid by said firm. The plaintiff, by its reply, denied the allegations of the answer not expressly admitted, and admitted that on April 3, 1896, one Charles Edwards, agent for the plaintiff, negotiated a settlement of the account in question, subject to the approval of the plaintiff, and that the notes mentioned in the answer were given and signed by the firm of Sonnenschein & Co., but specifically denied that the firm that signed them was composed of Gustave Sonnenschein and Edward Sonnenschein, and alleged that it was agreed that the firm to be bound thereby was composed of Gustave Sonnenschein and Gustav Lindell, the answering defendant. It was also alleged that the note paid was paid out of the accounts of the firm composed of Gustave Sonnenschein and Gustav Lindell. It was further alleged that after the said notes were given and one of them had been paid, the

defendant Lindell refused to be bound by and pay them; that thereupon the plaintiff returned the other two notes to defendants and commenced this suit to recover the balance due on the original account. Upon these issues a trial was had to a jury, which resulted in a verdict in favor of the plaintiff and against both defendants, for the sum of $525.85. Defendant Lindell alone filed a motion for a new trial, which was overruled. He thereupon prosecuted error to this court, and hereafter he will be called the plaintiff.

1. It is contended that the defendant was not entitled to ten per cent. interest, because the action was upon an open book account. It is true that the unpaid notes given in settlement of the account were returned, and suit was brought to recover the balance due upon the account; but it was alleged in the petition that it was agreed, by the terms of the sale, that the account should draw interest at ten per cent. from the time of its maturity, and we find, on reading the evidence, that defendant Sonnenschein testified that on December 10, 1896, when the goods were ordered, it was agreed that interest was to be paid on the account after July 1, 1896, at the rate of ten per cent. It was admitted at that time that plaintiff herein was a member of the firm of Sonnenschein & Co., and Charles Edwards and Gustave Sonnenschein both testified that plaintiff was present, participated in the making of the order and agreed to its terms. There was a conflict of evidence upon this question, but it having been determined by the jury upon such conflict of evidence and under proper instructions, we can not disturb their finding, for we are unable to say that such finding was not supported by sufficient evidence, and was clearly wrong. Upon this question the judgment of the district court must be affirmed.

2. Plaintiff contends that the court erred in allowing witnesses Wells and Rowe to testify as to the value of the goods set forth in the petition, and now claims that the action was one to recover on contract. We fail to see the force of this contention. If it be claimed that the price

was fixed by contract then the value of the goods, as fixed by these witnesses, would be immaterial, and the admission of their evidence error without prejudice, unless they fixed the value at a greater amount than that set forth in the itemized account, and alleged in the petition to be the agreed price. An examination of the evidence shows that the witnesses testified that the prices agreed upon, as stated in the itemized account, was the reasonable value of the goods. There was other evidence to the effect that the prices stated in the account were the prices agreed upon at the time the goods were ordered. If it was error to receive this evidence, it was error without prejudice. "A judgment will not be reversed because of the admission of incompetent evidence, where no possible prejudice resulted." *Rightmire v. Hunteman,* 42 Nebr., 119; *McGavock v. City of Omaha,* 40 Nebr., 64; *Graham v. Frazier,* 49 Nebr., 90. Again, it having been alleged in the petition that the prices mentioned in the itemized account attached thereto were the reasonable prices and the value of the goods, we are not prepared to say that evidence of value was not admissible.

3. Plaintiff further contends that the court erred in sustaining the objection of defendant in error to his interrogatory as to the occupation and employment of the witness Rowe prior to his employment by the defendant, for the reason that plaintiff was entitled to inquire into the former occupation and motives of the witness, to test his competency as an expert on the question of the value of the goods in controversy. We may concede that this is correct as a general proposition, yet the record discloses that prior to that time the witness had been employed by Deere, Wells & Co. as their shipping clerk for more than five years, so that his former occupation, bearing upon his knowledge of the value of the goods, was wholly immaterial. In any event the admission of his evidence was without prejudice to the rights of the plaintiff, as we have heretofore shown, and reversible error can not be predicated on this ruling.

4. It is urged that the court erred in giving the sixth and seventh paragraphs of the instructions given on his own motion, for the reason that their effect was to leave the burden of proof on Lindell to show that the firm of Sonnenschein & Co., while composed of Gustave Sonnenschein and Gustav Lindell, did not purchase the goods, and that the goods were not delivered to said firm, and the contract of purchase by Peters & Sonnenschein was not ratified by them. After a careful examination of these instructions we are unable to agree with this contention. By instruction No. 6 the jury were told that if they believed from all of the evidence that the defendant firm, while composed of Gustave Sonnenschein and Gustav Lindell, did not purchase the goods from the plaintiff, as alleged in the petition, or that the goods were not received by them as alleged, then their verdict should be for the defendant. This instruction does not attempt to put the burden of proof upon either party, neither does it have that effect; and in view of the fact that in other parts of the instructions the jury had been correctly informed as to which party the burden of proof rested upon, the court did not err in giving this instruction. By the seventh instruction the jury were told, in substance, that if they believed from all of the evidence that the account set forth in the petition was for goods sold and delivered to the firm of Peters & Sonnenschein, and that the contract of purchase was not ratified by the firm of Sonnenschein & Co. while composed of Gustave Sonnenschein and Gustav Lindell, and that the goods were not delivered until after the copartnership of Sonnenschein & Co. composed of Gustave Sonnenschein and Gustav Lindell, was dissolved, they should find for the defendant. This instruction covers the affirmative defense pleaded by Lindell, and yet the jury were not told by this instruction that the burden of proof to establish these facts was upon him. The giving of this instruction, if erroneous, was most favorable to his interests, and of this he can not complain. As above stated, the court by other instructions told the jury upon

whom the burden of proof rested and no error was committed in giving either of the instructions complained of.

5. In conclusion, the plaintiff contends that the verdict is not sustained by sufficient evidence. We find in the record some competent evidence to establish every allegation contained in the petition, and bearing upon every question put in issue by the pleadings. It was shown beyond dispute that the plaintiff and Gustave Sonnenschein became partners on the 1st day of December, 1895, and there was the evidence of two witnesses that plaintiff was present, assented to and participated in the making of the contract set forth in the petition. It was shown that the goods were received by the firm before March 12, 1896. It was claimed by the plaintiff that the firm was dissolved March 1, 1896, but Sonnenschein and his son testified that the sale of the plaintiff's interest to Edward Sonnenschein did not take place until March 12, 1896, and the bill of sale bears that date. It is established beyond question that thereafter an inventory was taken by Sonnenschein and Lindell, and the goods of the firm were turned over to the new firm of Gustave Sonnenschein and Edward Sonnenschein; that plaintiff received payment for his share of the goods in question, which had not theretofore been sold. It is shown that Gustave Sonnenschein, attempting to act for himself and Lindell, on April 3, 1896, settled with the defendant company, and gave the notes of the firm of Sonnenschein and Lindell for the balance due, payable July 1, 1896, with interest at ten per cent. after that date; that plaintiff assented to the payment of one of these notes out of the accounts due the firm of which he had been a member; that he afterwards repudiated the settlement and refused to pay the other notes, because he had not signed them, or assented to the acts of Sonnenschein in that behalf. There was a sharp conflict in the evidence upon some of these questions, but the jury having passed upon them under proper instructions, their verdict is conclusive upon us, unless we can say that it was unsupported by sufficient evidence, and was clearly wrong. *Potvin v.*

*Curran,* 13 Nebr., 302; *World Mutual Benefit Ass'n v. Worthing,* 59 Nebr., 587; *Lee v. Brugmann,* 37 Nebr., 232; *Clapham v. Storm,* 36 Nebr., 499; *Whitman v. State,* 42 Nebr., 841.

The foregoing are the only assignments of error argued or mentioned in the plaintiff's brief, and are the only ones which we will consider. We also find that the petition in error of the plaintiff does not allege that the court erred in overruling the motion for a new trial. Under our former rules, we might have refused to consider the case at all, but as the question was not raised by counsel, we have not raised it ourselves, but have decided the case upon its merits. After a careful examination of the record and evidence, we conclude that the case was fairly tried, and we are unable to say that the verdict of the jury is not supported by the evidence and is clearly wrong.

We therefore recommend that the judgment of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.