HORN'S CRANE SERVICE, A CORPORATION, APPELLANT, V.
WENDELL H. PRIOR ET AL., APPELLEES.
152 N. W. 2d 421

Filed July 28, 1967. No. 36555.

Frederick E. Wanek, for appellant.

Murphy, Pederson & Piccolo, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

The district court sustained a general demurrer and a motion to dismiss an amended petition, dismissed the action, and plaintiff appeals. We affirm the judgment.

Plaintiff, a seller of equipment and supplies, in two causes of action in his amended petition seeks a personal judgment against the defendants, and each of them, for

liability arising out of specific sums due under a written contract with (first cause of action) and for supplies and services furnished (second cause of action) a partnership or joint adventure comprised of the two defendants, Wendell H. Prior and Orie Cook, and one C. E. Piper, the manager who, being a resident of Colorado, was not joined in the action. The partnership or joint adventure was formed for the purpose of operating a quarry and rock-crushing business for profit, and the written contract was entered into and the supplies and services furnished pursuant thereto. Defendants' ultimate liability for personal judgment flowed out of the partnership's or joint adventure's original liability as a separate entity in the transactions.

The detailed allegations of the original and amended petition are too lengthy to set out herein. In neither the original nor amended petition is it alleged, either directly or by inference, that the partnership or joint adventure property was insufficient to satisfy its debts, or that there was no partnership property, and there is no allegation of dissolution or insolvency of said joint adventure or partnership. This was fatal.

In an action seeking a personal judgment against the individual members of a partnership or a joint adventure the petition does not state a cause of action if it fails to state that there is no partnership property or that it is insufficient to satisfy the debts of the partnership or joint adventure. Ruth v. Lowrey, 10 Neb. 260, 4 N. W. 977; Leach v. Milburn Wagon Co., 14 Neb. 106, 15 N. W. 232; State v. Pielsticker, 118 Neb. 419, 225 N. W. 51; Lindell v. Deere, Wells & Co., 66 Neb. 87, 92 N. W. 164.

In Ruth v. Lowrey, *supra,* it is said: "Must they not allege sufficient facts in their petition to show their right to proceed against the members individually? We think they must. This, in effect, is a proceeding to charge the individual property of the persons composing the firm, and in order to maintain the action the peti-

tion must show the insufficiency of the partnership property in Wyoming to satisfy the amount due upon the judgments."

In Leach v. Milburn Wagon Co., *supra,* an action was brought to recover a personal judgment against an individual partner on a judgment against the partners as a firm. In sustaining the demurrer to the petition this court said: "The petition (referring to a cited Ohio case) also set out the names in full of the individual ment against them individually. * * * This was what members of the firm, and contained a prayer for judg- was attempted to be done in this case, but the petition fails to show that the partnership property had been exhausted. * * * There is no allegation, claim, or pretense that the partnership property in this state had been exhausted."

In State v. Pielsticker, *supra,* this court said: "This court is committed to the doctrine that a partnership is a legal entity by a long line of cases. * * * However, the partnership relation is such that the separate property of a partner cannot be subjected to the payment of partnership debts until the property of the firm is exhausted. Leach v. Milburn Wagon Co., 14 Neb. 106. Firm property must also be subjected to the payment of the firm debts before it can be applied to the debts of the individual members of the firm. Roop v. Herron, 15 Neb. 73; Steele v. Kearney Nat. Bank, 47 Neb. 724. The partners are personally, jointly, and severally responsible for partnership liabilities. But the benefits and liabilities of a partner arise from and are the result of the partnership relation. Therefore in this state a partnership is an entity, distinct and apart from the members composing it, for the purpose for which the partnership exists. First Nat. Bank v. Sloman, 42 Neb. 350." See, also, In re Estate of Zents, 148 Neb. 104, 26 N. W. 2d 793; Svoboda & Hannah v. Board of Equalization, 180 Neb. 215, 142 N. W. 2d 328.

There are several reasons for the rule. One of the

most obvious is that credit having been extended to the partnership or firm, the members ought to have a right to insist that the partnership property be exhausted first. And to permit a firm creditor to by-pass the partnership property and exhaust the assets of an individual member leaving the partnership property extant, would be an obvious injustice, permit the other partners to profit at his expense, and place him in an adverse position with relation to his copartners.

No problem arises out of the plaintiff's allegation that this is a joint adventure. Both parties consider it as a partnership in their briefs. Plaintiff alleges that the defendants and Piper jointly entered into an enterprise for the purpose of acquiring and operating a business; that they contributed money and property thereto; that they all exercised control but that Piper was the manager; and that the plaintiff entered into said contracts on the representation of the defendants that they were an existing partnership. The substance of plaintiff's theory, which he affirms in his brief, is that defendants were members of a partnership and individually and jointly liable on that basis. We further note that section 67-306, R. R. S. 1943, defines a partnership as "an association of persons organized as a separate entity to carry on a business for profit." Under the facts alleged and the theory presented by the plaintiff, the law of partnership applies. With reference to joint adventures, this court, in Soulek v. City of Omaha, 140 Neb. 151, 299 N. W. 368, said as follows: "The principal distinction between a partnership and a joint adventure is that the latter may relate to a single transaction. * * * The law of partnership applies to the questions arising between the parties and among the parties in relation to third parties." The district court was correct in sustaining the demurrer and dismissing the action on the ground that the petition did not state a cause of action.

Although not necessary for a disposition of this case the general demurrer was sustainable because of the bar

of the statute of limitations appearing on the face of the petition. The execution of the written contract and the transactions out of which this action arose occurred between April 25, 1960, and January 16, 1961. The original petition herein was filed January 15, 1965, before 5 years had elapsed, and the amended petition was filed July 28, 1966. It is suggested, although plaintiff does not argue the point, that the amended petition relates back to the filing date of the original petition, and therefore is not barred, this because it is substantially the same and does not allege a new and independent cause of action. Where a new independent cause of action is filed by way of amendment, the statute of limitations runs until the filing of such amended petition. Streight v. First Trust Co. of Omaha, 133 Neb. 340, 275 N. W. 278. We need not resolve this question. There is a conflict in the authorities as to whether an amended petition stating a cause of action relates back to the date of filing of an original petition which fails to state a cause of action. See 34 Am. Jur., Limitations of Actions, § 263, p. 217. But however that may be, it is clear that the new petition or amendment must state a cause of action. Here neither the original petition nor the amended petition stated a cause of action. The action is clearly barred by the statute of limitations.

The trial court also sustained a motion to dismiss on the ground that the court had no jurisdiction because there was no service of process upon the partnership or joint adventure. As we have pointed out the plaintiff here had elected to proceed against the members individually and did not sue or issue process against the partnership. This it may do. The remedies against the partnership and the individual members are cumulative and there is no requirement that the firm or entity be sued and process served on it in order to acquire jurisdiction over individual members in order to establish their separate liability. Herron v. Cole Bros., 25 Neb. 692, 41 N. W. 765; Hanna v. Emerson, Talcott & Co., 45

Neb. 708, 64 N. W. 229. The service of process herein therefore was proper, and as plaintiff contends, sufficient to subject the defendants to the jurisdiction of the court. But this, of course, has nothing whatever to do with the necessity, once having acquired jurisdiction, to state a cause of action in a petition filed within the limitation period against them. The plaintiff may proceed against them individually, but it must state a cause of action against them in the same capacity.

The judgment of the district court in dismissing the action is correct and is affirmed.

AFFIRMED.

SMITH, J., dissenting.

The asserted obligations of the partnership are the kind for which members of a firm are liable jointly under the Uniform Partnership Act, § 67-315 (b), R. R. S. 1943. Plaintiff alleged painstakingly that C. E. Piper, the one partner not made a party defendant, was beyond the jurisdiction of Nebraska. Laying aside momentarily the features of the entity theory announced by the court, I think that causes of action were stated. See, Bowen v. Crow, 16 Neb. 556, 20 N. W. 850; Winters v. Means, 25 Neb. 241, 41 N. W. 157, 13 Am. S. R. 489; Restatement 2d, Conflict of Laws, Tent. Dr. No. 3, § 87, Comment f; Restatement 2d, Contracts, Tent. Dr. No. 2, §§ 112 and 117.

Plaintiff is denied an adjudication on the merits because the firm is presumably solvent. That formula strangely enough derives color of support from equitable rules written into statutes a century ago. Writ of execution on a judgment against the firm itself is issued against partnership property. If the judgment is not satisfied, the creditor may file a bill in equity against the partners. The prescribed allegations of the bill are the judgment and the insufficiency of partnership property. §§ 25-313, 25-314, and 25-316, R. R. S. 1943. An alternative remedy for the creditor's benefit —not an obstacle to a direct action against partners—

was probably intended. See, Herron v. Cole Bros., 25 Neb. 692, 41 N. W. 765; Roggenkamp v. Hargreaves, 39 Neb. 540, 58 N. W. 162; Ruth v. Lowrey, 10 Neb. 260, 4 N. W. 977.

The problem is complicated by a variant of the partnership definition in the uniform act. A partnership is an association of persons organized as a separate entity to carry on a business for profit. § 67-306, R. R. S. 1943. The definition, which is associated with an entity-aggregate dichotomy, emphasizes quasi-corporate relations. The provision for joint liability of members to partnership creditors strongly suggests a primary liability. In any event the ambiguities of procedural and substantive law should be considered in light of the justification offered in the majority opinion.

Does the businessman intend primarily to extend credit to the firm? Two writers gave negative answers in 1915. See, Williston, "The Uniform Partnership Act * * *," 63 U. Pa. L. Rev., 196, 209; Lewis, "The Uniform Partnership Act * * *," 29 Harv. L. Rev., 158, 166; Lewis, "The Uniform Partnership Act," 24 Yale L. J., 617, 639. An affirmative answer is not obvious even in 1967.

The need of a partner for protection against inroads on firm assets should be evaluated with other considerations. By hypothesis the firm is solvent in some sense. A general partner runs the risk that he will be compelled ultimately to pay all partnership debts. The partnership creditor in pursuit of a remedy will at times view this need with a healthy skepticism, which I share.

McCOWN, J., joins in this dissent.