SECURITY STATE BANK, A NEBRASKA BANKING CORPORATION,
APPELLANT, V. MARIAN E. MCCOY AND RAYMOND L. GUGELMAN,
A PARTNERSHIP AND INDIVIDUALLY, APPELLEES.
SECURITY STATE BANK, A NEBRASKA BANKING CORPORATION,
APPELLANT, V. RAYMOND L. GUGELMAN, APPELLEE

361 N.W.2d 514

Filed February 1, 1985.   Nos. 83-789, 83-790.

James E. Doyle of Cook & Kopf, P.C., for appellant, and, on brief, Knudsen, Berkheimer, Richardson & Endacott.

Charles J. Cuypers of Sherwood & Cuypers, for appellee Gugelman.

BOSLAUGH, WHITE, and CAPORALE, JJ., and RIST, D.J., and COLWELL, D.J., Retired.

WHITE, J.

The appellant, Security State Bank, brought suit in the district court against the defendants, who were doing business as Antiques Etc., a partnership, and against the individual partners on a series of promissory notes signed on behalf of the partnership by one of the partners, Marian E. McCoy, in favor of appellant. The two cases were consolidated for trial. A summary judgment was granted in favor of the bank against Antiques Etc., and following a trial to the court, a judgment was rendered against the bank and in favor of partner and appellee Raymond L. Gugelman on each of the notes. Marian McCoy filed bankruptcy, and no further proceedings were had against her.

Security State Bank appeals. We affirm, though on grounds

different from those relied on by the trial court.

In its suit against the partnership and the partners individually, appellant apparently overlooked Neb. Rev. Stat. § 25-316 (Reissue 1979), which states:

> If the plaintiff, in any judgment so rendered against any company or partnership, shall seek to charge the individual property of the persons composing such company or firm, it shall be lawful for him to file a bill in equity against the several members thereof, setting forth his judgment and the insufficiency of the partnership property to satisfy the same, and to have a decree for the debt, and an award of execution against all such persons, or any of them as may appear to have been members of such company, association or firm.

This statute has been the law in Nebraska since 1867.

In an early case, *Ruth v. Lowrey*, 10 Neb. 260, 262, 4 N.W. 977, 978 (1880), interpreting this statute, the court in refusing to enforce a Wyoming judgment against certain Nebraska partners commented: "There is no allegation in the petition that the partnership property in Wyoming is insufficient to satisfy the judgments, nor is there any proof tending to show that such is the case."

Although in this case there is a suggestion that the inventory was sold to partially satisfy partnership debts, there was no prior judgment against the partnership, which the statute contemplates as a condition precedent to the bringing of an action against individual partners. See, also, *Leach v. Milburn Wagon Co.*, 14 Neb. 106, 15 N.W. 232 (1883).

AFFIRMED.