BRENDA MARTINEZ, PERSONAL REPRESENTATIVE OF THE ESTATE OF MARTIN A. MARTINEZ, DECEASED, APPELLANT, V. OREL KOELLING, APPELLEE.

421 N.W.2d 1

Filed March 25, 1988.   No. 86-271.

Patrick A. Brock of Cunningham, Blackburn, VonSeggern, Livingston and Francis, for appellant.

Jeffrey H. Jacobsen of Jacobsen, Orr, Nelson & Wright, P.C., for appellee.

HASTINGS, C.J., WHITE, SHANAHAN, and FAHRNBRUCH, JJ., and BLUE, D.J.

WHITE, J.

This is an appeal from the district court's grant of summary judgment against the plaintiff, Brenda Martinez, personal representative of the estate of Martin A. Martinez. On December 8, 1983, Martinez filed a wrongful death action

against Orel Koelling on behalf of her late husband. The petition alleged that on November 13, 1982, Martin Martinez was fatally injured in an accident on defendant's farm. The defendant is alleged to be the owner of the premises and the employer of the deceased. Liability is premised on the negligence of Orel Koelling, either individually, or vicariously through one of his agents, or both.

The defendant's answer admitted that part of the plaintiff's petition which alleged the defendant to be the employer of the deceased and the owner of the premises. In the very next paragraph, however, the defendant alleged that Martin Martinez was employed by a partnership known as Koelling Farm and Ranch Partnership, of which the defendant is a partner.

On November 30, 1984, over 2 years after the accident, the plaintiff amended her petition, this time naming the partnership as the sole defendant. The partnership filed a demurrer to the amended petition for the reason that any action against the partnership was barred by the statute of limitations. See Neb. Rev. Stat. § 30-810 (Reissue 1985). Thereafter, the plaintiff filed a motion to strike the demurrer and, in the alternative, moved for leave to withdraw the amended petition and proceed on the original petition.

In ruling on the plaintiff's motions, the district court judge found that there had been no undue prejudice as to the partnership and granted the plaintiff's motion for leave to withdraw her amended petition. In the same hearing the district court denied the plaintiff's motion to strike and found the partnership's demurrer as to the plaintiff's amended petition to be moot.

On October 23, 1985, the defendant, Orel Koelling, filed a motion for summary judgment, asserting that he was not the employer of the deceased. The motion further alleged that the amended petition, by naming a new defendant, effectively dismissed the action against Orel Koelling. The district court overruled this motion.

On January 13, 1986, the defendant filed an amended answer, this time asserting that the plaintiff's action is barred by the statute of limitations, again asserting that the amended

petition effectively dismissed the defendant from the action. Thereafter, the plaintiff moved to strike paragraph 1 of the defendant's amended answer, which asserts the statute of limitations, and paragraph 4, which alleges that the deceased was employed by the partnership. The plaintiff moved in the alternative for leave to add the partnership as an additional party defendant.

The district court overruled the plaintiff's motion to strike and denied her leave to add the partnership as an additional party. The court then allowed defendant to renew his motion for summary judgment. The court ruled that the plaintiff was aware that the decedent was an employee of the partnership since January 9, 1984, the time of the defendant's original answer. The court theorized that because of this employment relationship, the cause of action was primarily against the partnership. Since the cause of action had run against the partnership before the amended petition, the court granted the defendant's motion for summary judgment.

The plaintiff, in her first assignment of error, asserts that the district court erred in granting the defendant's motion for summary judgment.

The district court apparently concluded that because the decedent was an employee of the partnership and the death occurred in the course of the partnership business, the plaintiff could not bring an action against one of the partners without first obtaining a judgment against the partnership. In *Horn's Crane Service v. Prior*, 182 Neb. 94, 95, 152 N.W.2d 421, 423 (1967), this court held that "[i]n an action seeking a personal judgment against the individual members of a partnership . . . the petition does not state a cause of action if it fails to state that there is no partnership property or that it is insufficient to satisfy the debts of the partnership . . . ." Later, in *Security State Bank v. McCoy*, 219 Neb. 132, 133, 361 N.W.2d 514, 515 (1985), interpreting Neb. Rev. Stat. § 25-316 (Reissue 1985), we said that judgment must be had against the partnership "as a condition precedent to bringing of an action against individual partners." In both of these actions the plaintiff sought judgment against individual partners on alleged partnership contractual liability. In *Prior, supra* at 96-97, 152 N.W.2d at

423, we offered several policy reasons for the rule in these cases:

> One of the most obvious is that credit having been extended to the partnership or firm, the members ought to have a right to insist that the partnership property be exhausted first. And to permit a firm creditor to by-pass the partnership property and exhaust the assets of an individual member leaving the partnership property extant, would be an obvious injustice, permit the other partners to profit at his expense, and place him in an adverse position with relation to his copartners.

The Uniform Partnership Act, Neb. Rev. Stat. §§ 67-301 to 67-343 (Reissue 1986), also lends credence to the rule because, pursuant to § 67-315(b), a partnership's liability under a contract is joint only, and not joint and several. In the case of tort liability, however, partners are jointly and severally liable for torts committed by a partner within the scope of the business. §§ 67-313 and 67-315(a). Thus, while the rule may be well-suited where the alleged liability is contractual, it is not necessarily appropriate or even applicable where the alleged liability is in tort.

With respect to partnership liability in tort, § 67-313 provides as follows:

> Where, by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his copartners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act.

Under § 67-315, "[a]ll partners are liable . . . [j]ointly and severally for everything chargeable to the partnership under [§] 67-313 . . . ." From these sections of the Uniform Partnership Act, it has been recognized that the partnership or every member of the partnership is vicariously liable for the torts committed by one of the partners acting in the scope of the business. Such liability arises not from the personal wrong of the individual member against which liability is asserted, but from the principle of mutual agency from which all partnership law necessarily derives. For a compilation of the cases see 59A

Am. Jur. 2d *Partnership* § 647 at 559 n.1 (1987). In this regard the court in *Truscott v. Peterson*, 78 N.D. 498, 514-15, 50 N.W.2d 245, 255 (1951), said:

> "Since partners are liable as joint tort-feasors, the party aggrieved has his election to sue the firm or to sue one or more of its members, and may even single out for suit a partner who personally was in no wise involved in the commission of the tort. This liability for the tort of a copartner is also binding in equity on the individual assets of such partner in like manner as if the individual liability had arisen from an express contract apart from the contractual relation arising from the partnership. . . ."

(Citation omitted.) See, also, A. Bromberg, Crane and Bromberg on Partnership § 64 (1968). Under these principles, we hold that Orel Koelling is a proper party defendant and may be sued individually for his own tortious conduct and for tortious conduct committed by one or more of his partners.

The issue still remains, however, whether the defendant, Orel Koelling, was properly before the court in his individual capacity. On appeal the defendant again asserts that the plaintiff, by amending her petition, abandoned the action against Orel Koelling individually and that the amended petition against the partnership was barred by the statute of limitations. The defendant, however, ignores the effect of the district court's decision granting leave to the plaintiff to withdraw her amended petition and proceed on the original. The withdrawal of a pleading by the court's permission has the effect of removing it from any and all consideration, and the issues are then left in the same status as though the withdrawn pleading had never been filed. *Guebard v. Jabaay*, 117 Ill. App. 3d 1, 452 N.E.2d 751 (1983); *Mathis v. Clary*, 142 Ind. App. 154, 231 N.E.2d 157 (1967); *Bongardt v. Frink*, 265 N.C. 130, 143 S.E.2d 286 (1965). The defendant did not allege any abuse of discretion in the court's decision to reinstate the original petition, nor can it be said, under the circumstances of this case, that any such abuse was exercised. The defendant was therefore at all times before the court in his individual capacity. Any error in the proceedings there may have been as a result of the amended petition did not affect a substantial right of the

defendant and was therefore properly disregarded. See Neb. Rev. Stat. § 25-853 (Reissue 1985).

Since the defendant was at all times before the court and is amenable to suit in his individual capacity, the district court's grant of summary judgment in favor of the defendant was in error.

In her second assignment, the plaintiff seeks a reversal of the district court's decision overruling plaintiff's motion to strike and denying leave to add the partnership as an additional party. We find no abuse of discretion in the court's decision to deny leave to add an additional party. At the time of the motion the statute of limitations as to the partnership entity had already passed. The plaintiff's motion to strike paragraph 1 of the defendant's amended answer should, however, have been sustained. The action against Orel Koelling in his individual capacity is not barred by the statute of limitations. As to paragraph 4, the motion was properly overruled.

Based on the foregoing, it is unnecessary to review the plaintiff's remaining assignments of error. The decision of the district court is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.